GUMTOW *v.* KALAMAZOO MOTOR EXPRESS.

1. APPEAL AND ERROR—MASTER AND SERVANT—FINDINGS OF DEPARTMENT—EVIDENCE.

Finding of department of labor and industry that employee suffered accidental injury which caused loss of use of arm, having evidentiary support, is not disturbed on appeal, it not being within province of Supreme Court to weigh the testimony.

2. MASTER AND SERVANT—REPORT OF ACCIDENT—STATUTE OF LIMITATIONS.

Employer's failure to report accident as required by 2 Comp. Laws 1929, §§ 8431, 8456, does not bar right to raise defense of statute of limitations for want of notice unless he had notice or knowledge of the injury within three-months' period.

3. SAME—WORKMEN'S COMPENSATION—DISABILITY DUE TO DISEASE.

Workmen's compensation is not health insurance nor intended to compensate for disability through sickness or disease not caused by accidental injury arising out of and in course of employment.

4. SAME—NOTICE OF INJURY—STATUTES—FINDING OF DEPARTMENT—EVIDENCE.

Finding of department that employer had received statutory three-months' notice of accidental injury arising out of and in course of employment *held,* without evidentiary support (2 Comp. Laws 1929, §§ 8431–8434).

Appeal from Department of Labor and Industry. Submitted January 10, 1934. (Docket No. 101, Calendar No. 37,498.)   Decided March 6, 1934.

Fred Gumtow presented his claim against Kalamazoo Motor Express, employer, and General Accident Assurance Corporation, Limited, insurer, for compensation for accidental injury received while in defendant's employ and resulting in loss of use of left arm. From order allowing compensation, defendants appeal. Reversed.

*William J. Howard (Harry C. Howard,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

BUTZEL, J.   The Kalamazoo Motor Express, employer, and the General Accident Assurance Corporation, Limited, insurer, appeal from the award of the department of labor and industry granting compensation to Fred Gumtow, of Kalamazoo, Michigan.   The latter claims that on the 17th day of August, 1932, he was hauling freight for his employer by motor truck from Kalamazoo to Chicago and return; that at the village of Lawrence, in Van Buren county, while changing a tire, he punched his finger so that a blood blister formed and opened; that he proceeded on his trip, but upon arriving at Gary, Indiana, he suffered from a chill; that he nevertheless continued on his way to Chicago, where he unloaded and reloaded the truck, but subsequently, on the return trip, he became so ill that his wife was obliged to take his place at the wheel from Gary to Benton Harbor, when he called up James G. Westenberg, the owner of the Kalamazoo Motor Express, notifying him that he was unable

to proceed any further; that thereupon Westenberg drove to Benton Harbor and brought plaintiff home in his automobile, another driver taking charge of the truck. Plaintiff claims that the injury to his finger caused blood poisoning in his left hand and arm, as a result of which he was bed-ridden for five weeks and is still unable to use that arm. The testimony shows that the circumference of the left arm shortly below the elbow measures about three-quarters of an inch less than the right arm at the same place.

Appellants claim the testimony does not show that plaintiff suffered an accidental injury, or that his present condition resulted from such injury. They particularly stress the fact that, owing to plaintiff's objection, the introduction of testimony by the physician who first attended him was excluded on the ground that it was a confidential communication. It is, however, not within our province to analyze or weigh the testimony, if there be any to support the findings of the department. There was such testimony in the case at bar.

Appellants further claim that they had no notice or knowledge of the alleged injury within the three months following its occurrence, and therefore no proceedings for compensation can be maintained. 2 Comp. Laws 1929, §§ 8431–8434. The failure of the employer to report the accident as required by 2 Comp. Laws 1929, §§ 8431, 8456, does not bar his right to raise the defense of the statute of limitations unless he had notice or knowledge of the injury within the three-months' period. It is admitted that appellants received no written notice whatever until some time in February, 1933, at the earliest, a period in excess of three months. Therefore, the sole question to which we limit our discussion is whether or

not the employer had notice or knowledge of the injury in some other manner within three months after its alleged occurrence.

The deputy commissioner, in denying compensation, held that the employer had no such notice. This order, however, was reversed by the full board. The evidence shows beyond a doubt that the employer knew the claimant had contracted an illness while in the discharge of his duties. Workmen's compensation, however, is not health insurance; it was not intended to compensate for disability through sickness or disease not caused by an accidental injury arising out of and in the course of employment. The notice required to be given to the employer is notice of an accidental injury arising out of and in the course of employment. An analysis of the testimony, therefore, becomes necessary, to determine whether appellants had notice or knowledge of such an injury in the instant case. The plaintiff, after testifying that he informed his employer of the accident a few days after it happened, broke down under continued questioning and admitted that he, himself, had not mentioned the accident to Mr. Westenberg, and that, as a matter of fact, he did not know that his illness was caused by the breaking of the blister until some time after the alleged accident occurred. He, however, claimed that Westenberg had received the information through a collector, who called upon the employer in order to determine whether the claimant was entitled to any compensation. The collector admits that, while he informed Westenberg that the claimant was ill, and asked whether the latter would come under the compensation act, he said nothing about the alleged accident.

The full board based its decision largely on what it terms, (1) the positive testimony of the plaintiff, which, as we have shown above, constituted an admission that he did not inform his employer of the alleged accident; and (2) what the commission termed the "evasive testimony" of the employer in the following short excerpt:

"*Q.* Did you go out there?
"*A.* I did.
"*Q.* Did he tell you about his illness going into and returning from Chicago as much as he has told it here?
"*A.* Yes, much as he has told it here.
"*Q.* Tell you about his injury?
"*A.* No. His injury—if he told it to me, it has entirely slipped my mind."

We do not believe this to be an admission in view of the employer's further testimony, which followed immediately thereafter, but was not quoted by the commission:

"*Q.* You wouldn't say but what he did tell you about it?
"*A.* No. My memory is pretty good.
"*Q.* You think you wouldn't be mistaken about it?
"*A.* I don't hardly think I could."

Furthermore, the claimant himself clearly admitted that he did not personally notify Westenberg of the accident. Although there is no doubt but that the latter knew that the plaintiff took sick on the trip, and was ill for a considerable period thereafter, and also was aware of the condition of plaintiff's hand and arm, a careful review of the entire testimony shows beyond any question that the employer had no knowledge that there had been an acci-

dent until some time in February, more than three months later. While it is true that the act is to be liberally construed in favor of the employee, and in so doing we have gone far in disregarding inaccuracies in notice (see *Mauch* v. *Bennett & Brown Lumber Co.,* 235 Mich. 496, in which the fact situation differs from that of the case at bar), we cannot disregard the plain requirement of the statute that the employer must receive notice of the accident within the three-months' period. This is a substantial right and, as stated in the act, is a condition precedent to the establishment of a claim for compensation. *Ames* v. *Lake Independence Lumber Co.,* 226 Mich. 83 (23 N. C. C. A. 778).

Appellants, in their denial of liability, in addition to claiming that they did not have legal notice or knowledge of the alleged injury within the statutory three-months' period, further set up that no claim for compensation was made upon them within six months, as required by the statute. In view of our holding that there is no testimony from which it can be found that the employer had notice or knowledge of the injury within three months of its alleged occurrence, it is unnecessary to discuss this other defense.

The order of the department of labor and industry is reversed, with costs to defendants.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.