STARKWEATHER v. WEIDMAN LUMBER CO.

1. WORKMEN'S COMPENSATION—EMPLOYER'S RIGHT TO NOTICE A SUB-
STANTIAL ONE.
   The statutory condition that the party sought to be charged must
   be given or have notice or knowledge of the industrial accident
   within the limitation provided is a substantial right, which,
   when claimed, may not be ignored either by the department of
   labor and industry or the court (2 Comp. Laws 1929, § 8431).

2. SAME—NOTICE—SEQUENCE OF EVENTS—INJURY TO LOGGER.
   Fact that logger, whose back was fractured and hip dislocated
   and who was otherwise seriously injured while cutting logs for
   lumber company, was first taken to a doctor and then to a
   hospital and remained there for more than five months, re-
   turned to work in a crippled condition and received bill from
   hospital and payment for work done prior to injury, that con-
   versation was had by claimant's working partner with com-
   pany's foreman shortly after accident and that others were
   hired to complete unfinished work and that subsequently a
   notice of claim for injury was filed with department of labor
   and industry *held*, not such a sequence of events as amounted
   to notice to lumber company nor to afford basis for presump-
   tion that notice had been given (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry.
Submitted January 9, 1935. (Docket No. 34, Cal-
endar No. 38,070.) Decided March 5, 1935. Rehear-
ing denied April 11, 1935.

Arnold Starkweather presented his claim against
Weidman Lumber Company, employer, and Em-
ployers Mutual Liability Insurance Company, in-
surer, for compensation for accidental injury re-
ceived while in defendant's employ. From order
allowing compensation, defendants appeal. Re-
versed.

*Joseph J. O'Connor,* for plaintiff.

*Derham & Derham,* for defendants.

Edward M. Sharpe, J.   The defendant company appeals from an order of the department of labor and industry granting compensation to plaintiff who, together with one Ned Moe, was engaged by the defendant company to cut logs at the rate of six cents per log.   Plaintiff and Moe began work June 27, 1933.   They were furnished tools by the company, assigned to a particular place to work, were told how to cut the logs, and began work at 7 o'clock in the morning and quit at 5 p.m.   While at work on July 3, 1933, plaintiff sustained an accidental injury resulting in a fractured back, injury to shoulder and left leg, dislocation of hip and internal injury.

Immediately after the injury, plaintiff was taken to Trout Creek to Dr. Lake, who in turn advised that plaintiff be taken to a hospital.   This was done and plaintiff was placed in a hospital at Ironwood, a distance of approximately 70 miles from Trout Creek. He remained in the hospital for more than five months.   The record in this case shows that, on August 19, 1933, *"notice to employer of claim for injury"* was filed with the department of labor and industry, but no copy served on the employer.   On February 19, 1934, notice and application for adjustment of claim was filed.   A hearing was held by the deputy commissioner on April 5, 1934, at which time the defendant company appeared by attorney and interposed the following defenses: (1) that plaintiff was engaged as an independent contractor at the time of the accident; (2) that no notice of any accident was given to the defendant company by

plaintiff as required by 2 Comp. Laws 1929, § 8431, claiming that the first notice it had of the accident was on February 20, 1934.

The deputy commissioner allowed compensation at the rate of $7 per week and this award was affirmed by the department of labor and industry July 9, 1934.

Plaintiff claims that the serious injury he received while in the employ of the defendant company, his removal by car to the hospital in Ironwood, his confinement in that hospital for five months, his crippled condition after his return from the hospital, the bill to him from the hospital, the fact that he was paid after the injury for work done previous to his injury, the fact that Ned Moe, his working partner, on July 6, 1933, had a talk with Mr. Russell, foreman of defendant company, and that other men were hired to complete the work that plaintiff and Ned Moe had left undone, all go to make up a sequence of events to establish the fact that notice or knowledge of the accident was given to or possessed by defendant company.

The defendant company raises the same defenses in its denial of liability, in its hearing before the deputy commissioner, and in its claim for review.

Section 8431, 2 Comp. Laws 1929, reads, in part, as follows:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof."

In *Ames* v. *Lake Independence Lumber Co.*, 226 Mich. 83, 90 (23 N. C. C. A. 778), it was there said:

"This is a special statutory proceeding. The condition that the party sought to be charged must be

given or have notice or knowledge of the accident within the limitation provided is a substantial, statutory right, which, when claimed, may not be ignored either by a commission or court. *Podkastelnea* v. *Railroad Co.*, 198 Mich. 321; *Herbert* v. *Railway Co.*, 200 Mich. 566.''

In *Gumtow* v. *Kalamazoo Motor Express,* 266 Mich. 16, this court said:

''Although there is no doubt but that the latter knew that the plaintiff took sick on the trip, and was ill for a considerable period thereafter, and also was aware of the condition of plaintiff's hand and arm, a careful review of the entire testimony shows beyond any question that the employer had no knowledge that there had been an accident until some time in February, more than three months later. While it is true that the act is to be liberally construed in favor of the employee, and in so doing we have gone far in disregarding inaccuracies in notice (see *Mauch* v. *Bennett & Brown Lumber Co.*, 235 Mich. 496, in which the fact situation differs from that of the case at bar), we cannot disregard the plain requirement of the statute that the employer must receive notice of the accident within the three-months' period. This is a substantial right and, as stated in the act, is a condition precedent to the establishment of a claim for compensation. *Ames* v. *Lake Independence Lumber Co., supra.*''

See, also, *Herbert* v. *Railway Co., supra; Johnson* v. *Bergland Lumber Co.,* 231 Mich. 34.

We have examined the following cases cited in plaintiff's brief: *Shafer* v. *Parke, Davis & Co.,* 192 Mich. 577; *Mauch* v. *Bennett & Brown Lumber Co.,* 235 Mich. 496; *Beer* v. *Brunswick Lumber Co.,* 257 Mich. 542; *Sickels* v. *Packard Motor Co.,* 264 Mich. 601, but the issue involved in those cases is not controlling herein, nor is the fact that the plaintiff noti-

fied the department of labor and industry of the injury a notice to defendant company. We have searched the record and have failed to find any evidence in the *sequence of events* that rises to the dignity of notice to the defendant company. There is nothing contained therein to show what Ned Moe talked about to Mr. Russell, the defendant's foreman, nor what connection, if any, that Dr. Lake or the hospital at Ironwood has with defendant company. Notice may not be presumed from such circumstances.

In view of the failure of plaintiff to give the proper notice, it will not be necessary to discuss the other issues involved.

The award is vacated, with costs to defendant company.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.