MAKI *v*. S. J. GROVES & SONS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—BRIEFS.
    Issue of fact as to cause of death of employee, decided favorably to plaintiffs by department of labor and industry and which is raised only indirectly by the briefs is not considered upon appeal.

2. WORKMEN'S COMPENSATION—NOTICE TO EMPLOYER OF ACCIDENT TO EMPLOYEE—EVIDENCE.
    Information that foreman of road construction gang suffered a heart attack and died *held*, insufficient basis for finding that employer had notice of accidental injury (2 Comp. Laws 1929, § 8431).

3. SAME—NOTICE OF ACCIDENT—EVIDENCE.
    Fact that foreman of road construction gang suffered a heart attack while working, slipped and fell on some ice, was carried to a place near superintendent's office while latter was not present, deceased was driven to hospital in company truck by its bookkeeper, that information supplied by physician, who was not an employer's agent for receiving notice, was used in filing reports of the injury with the department of labor and industry and that insurance carrier's representative investigated the death within a week of its occurrence *held*, insufficient to constitute notice of accidental nature of injury where sole information proved to have been conveyed to employer was that foreman had a heart attack and died (2 Comp. Laws 1929, § 8431).

4. SAME—NOTICE TO EMPLOYER—SUBSTANTIAL RIGHT.
    Requirement of statute that employer must receive notice of the accidental injury within three months of its occurrence is a substantial right and not one to be disregarded (2 Comp. Laws 1929, § 8431).

5. SAME—REPORTS—NOTICE OF INJURY.
    Sufficiency of reports of injury filed by employer is not considered where notice of an accidental injury was not given employer within period prescribed by workmen's compensation act (2 Comp. Laws 1929, § 8431).

6. SAME—NOTICE OF INJURY—CLAIM FOR COMPENSATION.

Requirements that notice of accidental injury be given employer and that claim for injury be made within a given time are separate and distinct requirements (2 Comp. Laws 1929, § 8431).

7. SAME—STATUTE OF LIMITATIONS—CLAIM FOR COMPENSATION—NOTICE OF INJURY TO EMPLOYER.

Statute of limitations, referred to in 2 Comp. Laws 1929, § 8431, refers to time within which claim for compensation must be made and not to time within which notice to the employer of the accidental injury must be given.

BUTZEL and BUSHNELL, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted January 7, 1937. (Docket No. 49, Calendar No. 39,257.) Decided May 21, 1937.

Hilma E. Maki, widow, and Thyra Evelyn Maki, minor child, filed their claim for compensation against S. J. Groves & Sons, employer, and Standard Accident Insurance Company, insurer, for death of plaintiffs' decedent while in defendant's employ. Award to plaintiffs. Defendants appeal. Reversed.

*Harry K. Bay,* for plaintiffs.

*Derham & Derham,* for defendants.

CHANDLER, J. Oscar E. Maki was employed as a foreman by the defendant, S. J. Groves & Sons, road contractors. On December 23, 1935, he, together with other workmen, was engaged in removing ice from a low spot in a proposed road bed. The ice was first sawed into chunks and then pulled from the water with the aid of tongs. At about 3:30 in the afternoon, Maki was prying on a piece of ice with a ladder while others pulled with tongs in an attempt to re-

move the same from the hole from which it had been cut. The testimony indicates that this particular piece of ice was larger than ordinary and that the number of men assisting at the time was less than usual. Maki slipped down; he groaned a couple of times; his face became discolored; and he was pronounced dead upon examination some time later. It is apparent that at this time his head struck the ice but there was no external evidence of injury.

He was carried to a point near the office of the superintendent and from there immediately taken to the hospital of Dr. Eisele in a company truck driven by Herman Larson, the employer's bookkeeper. Dr. Eisele arrived several hours later. He found Maki to be dead and was of the opinion that he had suffered a heart attack, and so certified in the death certificate signed by him.

A report was filed with the department by the employer on February 12, 1936 in which the cause and manner of death were stated to be: "suffered heart attack from which he later died. There was no accident nor injury therefrom." On March 23, 1936 a supplemental report of fatal accident was filed. This report, in reply to the question calling for the date of fatal accident, contained the following statement: "No accident involved, expired from heart disease." This was followed by a notice and application for adjustment of claim under date of April 8, 1936. Defendants appeal from an award granting compensation to the dependents of the deceased.

This case was tried before the department principally on the theory that fatigue and exertion aggravated a pre-existing heart condition resulting in the death of the employee. The testimony indicates that the deceased "slipped down." It does not appear whether the fact that he slipped down was one con-

tributing to his death or was merely coincidental therewith. The department found that the facts constituted an accident. Inasmuch as this question is raised only indirectly in the briefs we do not pass upon the issue.

Did the employer receive proper notice of an accidental injury as required by 2 Comp. Laws, 1929, § 8431, *et seq.?* It is admitted that no written notice was given the employer but it is contended by plaintiffs that under the facts and circumstances the employer had actual knowledge of the accidental injury within the period prescribed by the statute. In support of this contention it is submitted that the deceased was taken toward the office of the superintendent; that he was driven to the hospital in a company truck driven by the bookkeeper; that information supplied by Dr. Eisele was used in filing the reports with the department; and that the death was investigated by a representative of the insurance carrier within a week after its occurrence.

It does not appear that the superintendent was present when the deceased was taken to a point near his office or that he, or Larson, the bookkeeper, ever received any information that an accidental injury had occurred. It does not appear that the employer received any information from Dr. Eisele that would constitute a compliance with the statute. Although the defendant company may have adopted information received from Dr. Eisele in preparing its report of compensable accident and supplemental report of fatal accident, the only evidence presented as to what information was received from him, is the statements in the reports themselves that the deceased suffered a heart attack and that no accident was involved. Any information which Dr. Eisele himself received could not bind the employer as he was not

its agent for this purpose. He was not an employee of S. J. Groves & Sons but treated cases as they were sent to him and was paid for his services on a fee basis.

Although the death was investigated by the insurance carrier, the record fails to indicate that any information was obtained as a result thereof which would charge the employer with notice. Based upon the record, and construing the evidence most favorably to the plaintiffs, it must be concluded that the only information or knowledge that had been received by the employer was that Oscar Maki had suffered a heart attack and had died. As stated in *Starkweather* v. *Weidman Lumber Co.*, 270 Mich. 355, 359:

"We have searched the record and have failed to find any evidence in the sequence of events that rises to the dignity of notice to the defendant company."

The requirement of the statute that the employer must receive notice of the accidental injury within three months of its occurrence is a substantial right and not one to be disregarded. *Ames* v. *Lake Independence Lumber Co.*, 226 Mich. 83 (23 N. C. C. A. 778); *Podkastelnea* v. *Railroad Co.*, 198 Mich. 321; *Herbert* v. *Railway Co.*, 200 Mich. 566; *Gumtow* v. *Kalamazoo Motor Express*, 266 Mich. 16.

It is further contended by plaintiffs that the requirement of the statute as to notice to the employer was tolled for the reason that the reports filed by the employer with the department were insufficient. There is no basis for this contention and it is unnecessary for us to decide here whether or not the reports were sufficient. The statute of limitations referred to in 2 Comp. Laws, 1929, § 8431, refers to the time within which claim for compensation must be made, and not to the time within which notice to the

employer of the accidental injury must be given. These are two separate and distinct requirements. *La Rosa* v. *Ford Motor Co.,* 270 Mich. 365.

In view of our opinion of this case it is unnecessary to discuss other questions presented.

The award is vacated, with costs to defendants.

FEAD, C. J., and NORTH, WIEST, SHARPE, and POTTER, JJ., concurred with CHANDLER, J.

BUTZEL, J. (*dissenting*). A sufficient notice of the alleged accidental injury was given within the three months, as required by the compensation act (2 Comp. Laws 1929, § 8431). Plaintiffs' decedent died instantly on December 23, 1935, while he was at work. Immediately one of the fellow workmen ran to the main office of the defendant and the bookkeeper in the office took the body in defendant employer's truck to the hospital of a doctor who was summoned and arrived several hours later. The employer filed a compensable accident report on February 4, 1936, through the superintendent who was in charge of the office which was notified of the death of decedent immediately after its occurrence. Defendant employer stated in its report that decedent "suffered a heart attack from which he later died. There was no accident or injury resulting therefrom." Within a week after the alleged accident, defendant insurer made its investigation. The facts leave no other inference but that defendant employer received notice of the alleged accidental injury.

Whether the death was caused by an accident or not became a question of fact. Although we may be entirely at variance with the findings of the department, nevertheless, we are bound thereby, as there

was some testimony that supports the finding that deceased suffered an accidental injury arising out of and in the course of his employment.

We are constrained to affirm the findings of the department. The award should be affirmed, with costs to plaintiffs.

Bushnell, J., concurred with Butzel, J.