CLIFTON *v.* CHRYSLER CORPORATION.

1. WORKMEN'S COMPENSATION—FINDING BY DEPARTMENT—DATE OF ACCIDENT.
   Supreme Court must abide by finding of fact of department of labor and industry, made as to date alleged accident happened, where such finding is supported by testimony.

2. SAME—NOTICE TO EMPLOYER—SUBSTANTIAL RIGHT.
   Requirement of statute that employer must receive notice of the accidental injury within three months of its occurrence is a substantial right and not one to be disregarded (2 Comp. Laws 1929, § 8431).

3. SAME—NOTICE TO EMPLOYER OF ACCIDENT—EVIDENCE—SLIPPING ON WET FLOOR.

In proceeding to recover compensation for injury to back alleged to have been received when plaintiff slipped on a wet floor while handling crankshafts weighing 70 to 80 pounds, record *held,* without evidence tending to show defendant had notice or knowledge that injury resulted from an accident (2 Comp. Laws 1929, § 8431).

4. SAME—LIFTING HEAVY ARTICLES—ACCIDENT.

An employee who sustains an injury, occasioned merely by lifting something heavy in the regular course of his employment, is not entitled to an award of compensation, as an injury must be accidental to be compensable.

5. SAME—EMPLOYEE'S BURDEN OF PROOF—ACCIDENT—NOTICE TO EMPLOYER.

A plaintiff seeking to recover workmen's compensation must not only show the happening of an accidental injury arising out of and in the course of his employment but also that his employer had notice or knowledge of the accident within three months after the happening thereof (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted June 30, 1938. (Docket No. 103, Calendar No. 40,116.) Decided December 22, 1938.

Aubrey Clifton presented his claim against Chrysler Corporation, employer, for compensation for injuries sustained in defendant's employ. Award to plaintiff. Defendant appeals. Award vacated.

*Albert Summer,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

NORTH, J. Defendant has appealed from an award of compensation made to plaintiff who claims disability resulting from an accident arising out of and in the course of his employment by defendant. The department found the accident happened June 21,

1935, notwithstanding defendant's claim that the accident, if any, happened in October, 1935. The date is of consequence because defendant filed report of a noncompensable accident to plaintiff October 12, 1935; and if plaintiff were seeking compensation incident to this accident, he could not obtain an award because of his failure to demand compensation within six months after the happening of the accident. There is testimony in the record tending to sustain the determination of the department as to the date of the accident and, therefore, we must abide by the finding made. The defendant filed no report of plaintiff's having sustained an accident in June, 1935. Plaintiff's testimony is that while lifting crankshafts, weighing 70 to 80 pounds, off of a conveyor line, incident to which he had to reach up over his left shoulder and lower the crankshafts to the floor, his right foot slipped on the wet floor, straining his back and right side. Plaintiff reported the injury to his foreman and was sent to the first aid where he received treatment. He continued to work through June and July but on July 28th was transferred to a lighter bench job. He took the month of August off from his work because he wanted to go south and because his back was hurting him. He returned to his work in September and continued through October but did not work very regularly because his back was still troubling him. He was released from his employment by defendant November 7, 1935. From November until the following June plaintiff worked at the Motor Products Corporation. He then went south again and returned the following September. In October, 1936, he began working at the Hudson Motor Car Company and continued in its employment until the latter part of November. In January, 1937, he en-

tered Harper Hospital where he was placed in a body cast which extended from his shoulders to the base of his spine. He was still wearing the cast at the date of the hearing, June 28, 1937. From May, 1937, to June 4, 1937, he was again in the employ of the Hudson Motor Car Company. He has not worked since and he claims that since the injury his condition has been continuously growing worse.

Plaintiff's physician diagnosed plaintiff's condition as arthritis of the spine; and the physician also found that plaintiff had some bad teeth accompanied by pyorrhea. The department found that the accident sustained by plaintiff caused his disability and that proper notice had been given as required by statute. 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165). Defendant on this appeal presents the following questions:

(1) Did the plaintiff give defendant adequate notice of the accidental injury claimed by him within the time required by the workmen's compensation law?

(2) Was the plaintiff suffering from any compensable disability at the time of the hearing before the deputy commissioner?

(3) Was the plaintiff, at the time of the hearing before the deputy commissioner, suffering from any disability as a result of an accidental injury?

At the hearing before the deputy commissioner appellant admitted that it did not file with the department any report of an accident to appellee in June, 1935; and appellant denied having had notice or knowledge of the alleged accident within three months from its happening. This is contrary to plaintiff's contention. Claim for compensation was not filed until February 2, 1937. Both the deputy and the department on review found appellant had

notice of the accident within the three-months' statutory period.  2 Comp. Laws 1929, § 8431.

"The requirement of the statute that the employer must receive notice of the accidental injury within three months of its occurrence is a substantial right and not one to be disregarded." *Maki* v. *S. J. Groves & Sons,* 279 Mich. 644.

Decision of this appeal turns upon whether the record contains any evidence tending to support the department's finding that defendant had notice or knowledge of the accident within the three-months' statutory period.  The substance of all of the material testimony on this question is covered by the following, which we quote from the department's opinion:

"*Q.*  When did you (plaintiff) first report this injury and the accident to the Plymouth Motor Car Co.?

"*A.*  At night.

"*Q.*  Where?

"*A.*  To my foreman or job setter and the first aid.

"*Q.*  What did you tell them?

"*A.*  I told them I hurt my back.  * * *

"*Q.*  Did you go to the first aid department?

"*A.*  Yes.

"*Q.*  What did you tell them?

"*A.*  I told them I hurt my back.  Strained my back.

"*Q.*  Did they ask you any questions as to how you strained it?

"*A.*  Yes, I believe they did.

"*Q.*  What did you tell them?

"*A.*  I told them I hurt it lifting crankshafts off the conveyor."

A careful review of this record fails to disclose any testimony tending to show that within three

months next following plaintiff's alleged injury in June, 1935, defendant had notice or knowledge such injury resulted from his having accidentally slipped on the wet floor while handling crankshafts.

Plaintiff's foreman, a witness for the defendant, testified as quoted by the department:

"Now, that man never told me he slipped—he was hanging crankshafts on the conveyor and got a catch in his side and I sent him to the first aid. * * *

"*Q.* And he says he told you that he hurt himself lifting a crank case (shaft) off the conveyor. Is that what he told you?

"*A.* That's the way he explained it, that he hurt himself lifting a crank off the conveyor."

In this State the law is settled that if the injury of which plaintiff complains was occasioned merely by his lifting something heavy in the regular course of his employment, there was no accident and plaintiff is not entitled to an award of compensation. *Williams* v. *National Cash Register Co.*, 272 Mich. 553; *Waites* v. *Briggs Manfg. Co.*, 280 Mich. 185; *Nagy* v. *Continental Die Casting Corp.*, 283 Mich. 162. The burden is upon plaintiff to show the happening of an accidental injury arising out of and in the course of his employment; and further the burden is upon plaintiff to show that within three months after the happening of such an accident the defendant employer had notice or knowledge thereof. 2 Comp. Laws 1929, § 8431. It is not enough that within the statutory period the employer has knowledge that during his hours of employment the employee has become ill or even that he has suffered an injury which was not compensable.

In *Gumtow* v. *Kalamazoo Motor Express,* 266 Mich. 16, we said:

"The notice required to be given to the employer is notice of an accidental injury arising out of and in the course of employment. * * * Although there is no doubt but that the latter (the owner of the defendant company) knew that the plaintiff took sick on the trip, and was ill for a considerable period thereafter, and also was aware of the condition of plaintiff's hand and arm (plaintiff having testified he injured his hand while changing a tire on defendant's truck), a careful review of the entire testimony shows beyond any question that the employer had no knowledge that there had been an accident until some time in February, more than three months later. While it is true that the act is to be liberally construed in favor of the employee, and in so doing we have gone far in disregarding inaccuracies in notice, * * * we cannot disregard the plain requirement of the statute that the employer must receive notice of the accident within the three-months' period. This is a substantial right and, as stated in the act, is a condition precedent to the establishment of a claim for compensation."

See, also, *Littleton* v. *Railway Co., Inc.*, 276 Mich. 41, and *Maki* v. *S. J. Groves & Sons, supra.*

There being no testimony in this record tending to sustain the department's determination that defendant had notice or knowledge of the alleged accident within three months after its happening, the award must be vacated. It is so ordered, with costs to appellant.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.