### BERG *v.* HEMLOCK RIVER MINING CO.

1. Workmen's Compensation—Accidental Injury Arising Out of and In Course of Employment—Evidence—Water—Miner—Rheumatism.

   Miner who was drenched with water which rushed out upon him while he was engaged in enlarging a ladderway from a sublevel upwards to the tenth level of the mine that resulted in settlement of rheumatism in left leg which had been broken many years before *held,* to have suffered an accident arising out of and in the course of his employment.

2. SAME—NOTICE OF ACCIDENTAL NATURE OF INJURY TO EMPLOYER—
   STATUTES.

   Miner who was drenched with water while enlarging a ladderway
      from a sublevel upwards but who failed to give notice to
      employer, within three months' time permitted by statute, of
      accidental or unusual or fortuitous character of his injury
      from exposure in a place where ordinarily he would he subject
      to some water dripping *held*, not to have established his right
      to an award of compensation, notwithstanding employer knew
      of rheumatic condition which ensued and incapacitated plaintiff
      (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted January 3, 1939. (Docket No. 26, Calendar No. 40,252.) Decided March 9, 1939.

August Berg presented his claim for compensation against Hemlock River Mining Company for injuries sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Award vacated.

*Ray Derham*, for plaintiff.

*Raymond Turner* and *Ernest W. Brown*, for defendant.

NORTH, J. Plaintiff, who for 18 years was employed as a miner by defendant, claims that in May, 1934, he suffered an accidental injury arising out of and in the course of his employment. In July, 1937, he made claim for compensation, and on hearing before the department he was awarded compensation for total disability at the rate of $18 per week. Defendant has appealed and asserts the following in its defense; (1) that plaintiff did not suffer an accidental injury arising out of and in the course of his employment, (2) that defendant did not

have notice or knowledge of the injury within three months of the alleged happening, (3) that claim for compensation was not made within the statutory period of three months or within the statutory limitation of two years, and (4) that plaintiff's disability is not due to the alleged accident.

According to plaintiff's claim he and John Lehto were working at the task of enlarging for a ladderway an opening which was about 3½ by 3½ feet extending from a sublevel upwards about 25 feet to the tenth level of the mine. He testified that while he was so working "all at once water rushed out on us so we got wet," and that this water came: "From the old level. Cave-ins from the tenth level." When asked on cross-examination if some water was dripping all the time, plaintiff answered: "Some water was dripping. * * * It was pretty fair. * * * Some drops coming down." Plaintiff claims that getting wet caused rheumatism, that he could not get out of bed the next day and he sent notice to the company's doctor who attended plaintiff, that he remained in bed a couple of weeks and then "started walking around a little bit." Plaintiff also testified that a couple of weeks after the alleged accident his superintendent called on plaintiff and he told the superintendent about getting wet. In July, 1934, plaintiff was given light work of operating a small electric motor, at which work plaintiff could sit or stand and thus favor his left leg which he claims was so affected with the rheumatism that he was not able to do the work of a miner, and that he has never been able to resume that occupation. He continued in defendant's employ until the mine was closed in September, 1934. Plaintiff broke his left leg when he was seven years old and as a result was lame, but he did not use a cane in walking prior to the alleged

accident, and for many years he had worked as a miner.

Under our view of this case a further recital of the accident and attendant circumstances is unnecessary, and we may assume for the purpose of decision that plaintiff did suffer an accidental injury arising out of and in the course of his employment with defendant. But, as noted above, it is urged as a defense that defendant had no notice nor knowledge within the statutory limitation of plaintiff's having suffered an *accident*. There is ample testimony disclosing that plaintiff's sickness and his inability to continue his work were promptly called to the attention of defendant. It is also clear from the record that defendant was aware of the fact that in the course of his work plaintiff on the day of the alleged accident got wet. But there is no dispute in the testimony, and even under plaintiff's own testimony it is apparent that one working in the place where plaintiff was working was exposed to water dripping down through the opening from above. If plaintiff got wet in this manner it was a circumstance incident to his ordinary employment and did not constitute an accident. Careful examination of this record fails to disclose that the defendant or any of its officers or agents had any information whatever that plaintiff on the day of alleged accident got wet other than from having been exposed to the ordinary dripping of the water in the portion of the mine where he was then working. While the accident is said to have happened in May, 1934, plaintiff's application for compensation was not made until July, 1937. In this application plaintiff makes the claim "he was drenched with water." At the hearing before the deputy, plaintiff testified, "all at once the water rushed out on us so we got wet." But so far as the

record shows this is the first intimation that there was anything about plaintiff's getting wet which was of an unusual, unexpected or fortuitous character. In other words it was the first hint that defendant had of plaintiff's having sustained an *accidental* injury.

Because of plaintiff's failure to offer any testimony tending to show that within the statutory period (2 Comp. Laws 1929, § 8431 [Stat. Ann. § 17.165]) defendant had any knowledge or notice of plaintiff's having sustained an *accidental* injury, he did not establish his right to an award of compensation. The instant case is controlled by *Gumtow* v. *Kalamazoo Motor Express*, 266 Mich. 16; *Littleton* v. *Railway Co., Inc.*, 276 Mich. 41; and *Maki* v. *S. J. Groves & Sons*, 279 Mich. 644. The award is vacated. Costs to appellant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.