## SWEET *v.* GALE MANUFACTURING CO.*

1. WORKMEN'S COMPENSATION—LIABILITY OF DIFFERENT INSURERS—
   NOTICE.

   In proceeding to recover workmen's compensation by employee
   who had suffered an injury in February and another in August
   of the same year at which time a different insurer was on the
   risk, question as to respective liability of each insurer is not
   determined where it is decided employee failed to give notice
   that injury received was accidental in character within time
   prescribed by statute (2 Comp. Laws 1929, § 8431).

2. SAME—NOTICE OF INJURY—FINDING OF DEPARTMENT—EVIDENCE.

   Finding by department of labor and industry that employer re-
   ceived required notice of injury cannot be disturbed by Supreme
   Court on appeal in nature of certiorari if there is any com-
   petent evidence to support it.

3. SAME—FINDING OF DEPARTMENT—NOTICE OF ACCIDENTAL CHAR-
   ACTER OF INJURY—EVIDENCE.

   In proceeding to recover workmen's compensation, record *held,*
   to support finding of fact that employee suffered an accidental
   injury but not its finding that he gave notice of its accidental
   character to employer within time prescribed by statute, hence
   employee was not entitled to recover compensation (2 Comp.
   Laws 1929, § 8431).

4. SAME—CERTIORARI—EVIDENCE.

   The Supreme Court, in reviewing record on appeal in nature of
   certiorari to department of labor and industry, cannot assume
   facts unsupported by any evidence.

5. SAME—NOTICE OF ACCIDENTAL CHARACTER OF INJURY—CAUSE OF
   DISABILITY.

   In proceeding to recover workmen's compensation by employee
   whose hip was injured on two different occasions, plaintiff *held,*
   not entitled to recover where he failed to give notice of acci-
   dental character of second injury within time prescribed by

---

* Opinions on rehearing appear *post,* 711.—REPORTER.

statute and first accident did not alone cause his disability (2 Comp. Laws 1929, § 8431).

BUSHNELL and MCALLISTER, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted January 4, 1939. (Docket No. 33, Calendar No. 40,162.) Decided June 22, 1939. Decided on rehearing December 19, 1939.

Willard Sweet presented his claim for compensation against Gale Manufacturing Company, employer, and Michigan Mutual Liability Company and American Mutual Liability Insurance Company, insurers. From award for plaintiff against employer and American Mutual Liability Insurance Company, they appeal. Award vacated.

*James W. Mackey,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants employer and Michigan Mutual Liability Company.

*Kelley, Sessions, Warner & Eger,* for defendants employer and American Mutual Liability Insurance Company.

CHANDLER, J. On February 6, 1936, plaintiff sustained an accidental injury to his left hip while employed by the Gale Manufacturing Company. Although he suffered physical inconvenience as a result thereof, the injury was not disabling and he lost no time from his work. On August 14, 1936, while working for the same employer, he twisted his body in such a manner as to again injure the same hip, resulting in total disability which has continued from said date.

No claim for compensation was made for either injury until February 5, 1937, at which time he filed

a written claim for compensation based upon the accident of February 6, 1936, and a notice and application for adjustment thereof.

Upon hearing, it appeared that at the time of the first accident the compensation risk was carried by the Michigan Mutual Liability Company, and that on August 14th, the insurer was the American Mutual Liability Insurance Company. Thereupon, plaintiff was given permission to amend, and, in accordance therewith, on April 14, 1937, he filed a claim for compensation and a notice and application for adjustment of said claim based upon the accident of August 14th. The claim filed stated his injuries to be the result of both accidents.

The deputy commissioner, finding that both accidental injuries contributed in producing the disability, entered an award holding both insurers jointly liable for the compensation payable, in addition to the employer. Upon review before the department, the award was modified so as to place liability upon the employer and the American Mutual Liability Insurance Company, which carried the risk as of August 14, 1936. This was done on the theory that the first accident had created in plaintiff a latent physical condition which, although not disabling, was aggravated and excited by the subsequent accident, resulting in disability, and that the real cause of the disability was the action of the second injury upon his pre-existing condition.

From this award, the employer and the American Mutual Liability Insurance Company have appealed in the nature of certiorari.

One of the disputes presented arises between the two insurers, the appealing company contending that the undisputed testimony shows that both accidental injuries have combined to produce the disability, and that, therefore, liability should have been imposed

upon both insurers. However, we have found it unnecessary to pass upon this controversy.

Appellants, among other things, claim that the employer had neither notice nor knowledge of the accidental injury of August 14, 1936, within the period prescribed by the provisions of 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165), and that these proceedings are therefore barred as the statute so provides.

The department found that the employer did receive the required notice and, consequently, if any competent evidence is to be found in the record in support thereof, it cannot be disturbed upon this appeal. Plaintiff testified that he was confined to the bed for eight weeks and three days subsequent to August 14, 1936, and that he was unable to report the injury to his employer but that he instructed his brother to do so. His brother gave the following testimony:

"*Q*. And in August of 1936 did you have occasion to make any report to any one of the Gale Manufacturing Company with reference to the condition of your brother?

"*A*. Yes. Monday morning they come and asked me.

"*Q*. Beg pardon?

"*A*. Monday morning.

"*Q*. The Monday following the accident?

"*A*. Yes.

"*Q*. Who came out and asked you?

"*A*. Curtis Yarger.

"*Q*. Curtis Yarger was a foreman?

"*A*. Yes, he came out and I told him, and shortly after that Bustory came out and asked me.

"*Q*. What is Bustory's position?

"*A*. He is head foreman over Yarger.

"*Q*. He is head foreman?

"*A*. Head of the core room.

"*Q.* You told both Yarger and Bustory of the accident?

"*A.* Yes.

"*Mr. Warner:* He didn't testify that he told of any accident.

"*Q.* What did you tell them?

"*A.* Yarger come out and asked me where Willard was and I told him he hurt his hip and didn't feel like coming to work; he was in bed. Shortly after that Bustory come out and asked me and I told him the same and they asked me afterwards in a week how he was getting along.

"*Q.* Inquired from time to time how he was getting along?

"*A.* Yes.

"*Q.* Did they ask you how he hurt his hip or did you tell them?

"*A.* I told them he hurt it working on that mill cylinder, on Friday night.

"*Q.* Working on the mill cylinder Friday night?

"*A.* Yes."

The record supports the department's finding of fact that plaintiff sustained an accidental injury on the date in question, and notice of such an injury was required by the statutory provision to be given the employer. However, the finding of fact that notice thereof was given by plaintiff's brother is not supported by his testimony as above-quoted. In substance, he informed the employer that plaintiff hurt his hip working on a mill cylinder and did not feel like coming to work. Although he clearly gave notice of an injury, he failed to give notice of an *accidental* injury, which alone is sufficient to comply with the statute. The language used was unusually similar to that employed by the plaintiff in *Clifton* v. *Chrysler Corporation,* 287 Mich. 87, wherein the plaintiff testified: "I told them I hurt it (his back) lifting crank shafts off the conveyor." We held in

that case that the plaintiff had failed to comply with the statute, and must now hold that the instant case is controlled thereby. See, also, *Littleton* v. *Railway Co.*, 276 Mich. 41.

On the same issue, plaintiff, after testifying that he instructed his brother to report the injury, stated: "then later I reported it to the insurance man of the Gale, Mr. Perkins." Even if we hold that this testimony, a statement of the ultimate conclusion of fact being sought, was competent evidence when no objection thereto was raised, as the court held in *Moustgaard* v. *Industrial Commission*, 287 Ill. 156 (122 N. E. 49), it would still be necessary for us to hold that proper notice was not given inasmuch as it would be necessary to assume that the same was given within three months after the happening of the accident as the statute requires. Although plaintiff said he reported it *later*, the record contains no testimony as to exactly when this was done, or from which it could properly be found that it was done within three months subsequent to August 14, 1936. We cannot assume facts unsupported by any evidence.

It must therefore be concluded that no compensation may be recovered by plaintiff based upon the accident of August 14, 1936, for the foregoing reasons. Any other claim for compensation would therefore necessarily have to be founded solely upon the first accident, and it is clear that this accident alone did not cause his disability.

The award is vacated, with costs to appellants.

Butzel, C. J., and Wiest, Sharpe, Potter, and North, JJ., concurred with Chandler, J.

McAllister, J. (*dissenting*). The facts, as stated by Mr. Justice Chandler, give rise to the determina-

tion of the question of whether the employer received notice of accidental injury. I am of the opinion that there was notice not only of an injury but also of an accidental injury.

The employer knew of the injury to plaintiff's hip, resulting from work upon a mill cylinder. *Clifton* v. *Chrysler Corporation,* 287 Mich. 87, which is relied upon to vacate the award, was a case in which the employer received notice that the employee had hurt his back while lifting crank shafts; and it was held that while this was notice of injury, it was not notice of accidental injury. The basis for such decision was that an injury resulting from merely lifting something heavy is held not to be an accidental injury, and knowledge of such an injury would not inform an employer that an accident had occurred, as that term has been understood in the construction of the statute. In *Littleton* v. *Railway Co.,* 276 Mich. 41, an employee stated in casual conversation to the foreman of the employer, that he was not feeling well, and expressed his wonder whether it was caused by an accident, of which he gave no details. Such notice was held insufficient. The purpose of the notice required is to give the employer an opportunity to examine into the alleged accident and injury while the facts are accessible, and also to employ medical skill to care for the employee, to speed his recovery, and to minimize the loss. *Littleton* v. *Railway Co., supra.* The employer had notice of the injury to plaintiff's hip; and such notice was sufficient to inform employer that the injury was of a nature subject to compensation.

Appellants claim that the injury complained of was not accidental. Plaintiff was making cores—dry sand molds—on a machine. The core which plaintiff was making at the time he received his injury, was heavier than the usual cores. Because of its weight,

the machine did not operate in the customary manner. When the core was removed from the machine by plaintiff, because of its added weight it caused him to be jerked suddenly, causing the hip injury. We are in accord with the finding of the department that such injury was accidental.

There remains the question of the liability of insurers. Plaintiff had previously suffered an injury to his hip, but was not so incapacitated thereby as to lose any working time. At the time of the first injury, defendant company was insured in the Michigan Mutual Liability Insurance Company. At the time the plaintiff suffered the second injury, defendant was insured in the American Mutual Liability Insurance Company. The deputy commissioner found that both accidents jointly contributed to the injury for which compensation was awarded; and held that both companies were jointly liable as insurers. On review by the department, the American Mutual Liability Insurance Company was held solely liable as insurer, on the ground that the last accident was the cause of the injury. Such finding is one of fact and when supported by evidence is conclusive.

The injury having been received as the result of the accident, the award should be affirmed, with costs to plaintiff.

BUSHNELL, J., concurred with McALLISTER, J.

Opinions on rehearing appear *post*, 711.—REPORTER.