SWEET *v.* GALE MANUFACTURING CO.

ON REHEARING.

1. WORKMEN'S COMPENSATION—FINDINGS OF DEPARTMENT—INFERENCE DRAWN FROM INFERENCE—TOTAL DISABILITY.

Claim that because compensation insurer's representative visited plaintiff at hospital within a month from date of injury resulting in total disability, defendant employer must have had notice of injury required by statute as plaintiff was in bed either at home or in the hospital and such representative must have been informed by the employer's agent of plaintiff's whereabouts *held,* untenable, since it would necessitate a speculative finding, one based upon an inference, drawn from another inference, that certain facts exist (2 Comp. Laws 1929, § 8431).

2. SAME—NOTICE OF ACCIDENTAL INJURY TO INSURER—STATUTES.

Notice of accidental injury to a compensation insurer does not constitute notice to employer as required by statute (2 Comp. Laws 1929, § 8431).

BUSHNELL and MCALLISTER, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted January 4, 1939. (Docket No. 33, Calendar No. 40,162.) Decided June 22, 1939. Decided on rehearing December 19, 1939.

Willard Sweet presented his claim for compensation against Gale Manufacturing Company, employer, and Michigan Mutual Liability Company and American Mutual Liability Insurance Company, insurers. From award for plaintiff against employer and American Mutual Liability Insurance Company, they appeal. Award vacated.

*James W. Mackey,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendants Gale Manufacturing Company and American Mutual Liability Insurance Company.

On Rehearing.

Chandler, J.  This case is again before us on rehearing.  I find nothing in the application for rehearing or the brief filed in support thereof that either requires or justifies any change in the original prevailing opinion reported in 289 Mich. 259.

Counsel for plaintiff, in his brief in support of the application, says,

"It is our contention that the record supports the logical presumption that between the date of the accident and September 11, 1936, Mr. Perkins, the insurance man of the Gale Manufacturing Company, was notified by the plaintiff himself, and in view of the fact that Willard Sweet was confined to the bed either at his home or at the hospital, during that period of time, Mr. Perkins must have called upon him.  As the result of Mr. Perkins' call a representative of the American Mutual Liability Insurance Company located Willard Sweet in Leila Hospital in Battle Creek, Michigan, on September 11, 1936, at which time he obtained a statement from Willard Sweet, which statement clearly described an accidental injury, but the insurance representative only took down in writing a portion of said statement. * * *

"When you take into consideration that the accident happened after the regular hours of employment, to-wit, after 5:30 p. m., when the night man, Gerald Bergstresser, came on the job and put plaintiff in his electric lift truck and took him to the door so that he could get into his car, and as the Gale Manufacturing Plant is located in Albion and plaintiff lives in Eckford, Michigan, the logical interpre-

tation of the expression 'and the insurance man was there, Mr. Perkins,' and the further statement of the plaintiff, 'Yes, then later I reported it to the insurance man of the Gale, Mr. Perkins,' leads to the only possible conclusion that Mr. Perkins called at the plaintiff's home in Eckford between the date of the accident and the visit of the insurance man at the hospital on the 11th day of September, 1936, for there is no possible way to explain how the representative of the American Mutual Liability Insurance Company knew that the plaintiff was in Leila Hospital at Battle Creek, Michigan, on the 11th day of September, 1936, unless he was informed by Mr. Perkins, the insurance man at the Gale.''

To hold with plaintiff's contention would necessitate a finding based upon an inference, drawn from another inference, that certain facts exist. This we cannot do. It is altogether too speculative.

Plaintiff also seems to take the position that notice of an accidental injury to an insurer constitutes notice to the employer as required by 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165). The claim is erroneous in view of the decision in *Dochoff* v. *Glober Construction Co.*, 212 Mich. 166.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, and NORTH, JJ., concurred with CHANDLER, J.

McALLISTER, J. Plaintiff gave notice of injury. It is contended that while such notice was given, it was only notice of an injury, and not notice of an accidental injury.

I can add nothing to my former opinion and the distinction between this case and *Clifton* v. *Chrysler Corporation*, 287 Mich. 87.

The award should be affirmed.

BUSHNELL, J., concurred with McALLISTER, J.