JUANA TORRES, as mother with *patria potestas* over her minor children JOAQUÍN, MARTA, ISABEL, AUREA and IRMA SOLÍS TORRES, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., and RAMÓN MONTANER, MANAGER OF THE STATE INSURANCE FUND, Respondents.

No. 172. Argued July 5, 1939.—Decided July 29, 1939.

426

*Virgilio Brunet,* for petitioners. *M. León Parra,* for the Industrial Commission; *B. Fernández García, Attorney General, Emilio de Aldrey, Assistant Attorney General,* and *Víctor J. Vidal González* and *G. Aliles Moreu,* for the Manager of the State Fund, respondent.

MR. JUSTICE WOLF delivered the opinion of the Court.

José Solís León was a workman employed in the construction of a house. The employer was Emilio Solís, his brother. Emilio had to be frequently out of town and José was in charge of the work. On October 23, 1935, two workmen were lowering some wooden forms which had been used for the floor of the second story. One of the forms, which measured about two and a half by three feet, slipped and fell ten feet upon the concrete floor below. It rebounded and hit José Solís León on the calf of his left leg. The injured part did not bleed but immediately darkened. The workman went out and came back later with a bandage on his leg. He

continued working that day. He was taken to bed one or two days later. Within five days he called Dr. Manuel Soto Rivera, his private physician, for examination and treatment. The workman got worse and his injury was infected. He was taken to the Municipal Hospital of Río Piedras. According to the doctor's testimony, the injury caused a phlebitis which developed into pneumonia. As a result of this illness he died on November 19th. On December 8, 1935, his heirs filed a claim with the Workmen's Compensation Fund, the first notice the Fund had of the accident. On November 1, 1937, the Manager of the Fund denied the claim. The heirs, represented by their mother, appealed to the Industrial Commission. After a long trial to which both parties brought many witnesses, the Commission, by order of March 9, 1939, decided against the petitioners. The latter asked for a reconsideration, which was denied. They then recurred to this Court for revision.

The Commission found no reason to excuse the workman's neglect to give notice. It says, "it was not until after December 8, 1935, that is, when the workman had already been buried many days, that his relatives informed the State Insurance Fund of the accident." It held that the workman, by not giving notice to the Fund of his accident, and not appearing before the Fund's doctor for examination, had violated the rules laid down by the Workmen's Compensation Act, Section 5, par. 4.

It holds that Solís' failure to report to the Fund's doctor within five days of the accident was "a refusal or objection to submit to the medical examination provided by the manager," and that he had no right to compensation. It was not convinced that the workman's injury caused phlebitis which developed into pneumonia, or that he acquired pneumonia from which phlebitis originated. And to support its decision, the Commission enters into other reasonings.

The petitioner raises four points:

1. The Commission erred when it held that José Solís León was guilty of violating Section 5, par 4, of Act No. 45 of 1935, because he did not report to the Fund's doctor and that because of his acts his heirs lost their rights to claim compensation for his death.

2. The Commission erred because it had no right to deprive the heirs of the workman of compensation because they filed their claim many days after the burial.

3. The Commission erred because even if the workman had waived his right to compensation, refusing to take treatment, those of the heirs were not impaired, because they are separate and distinct rights.

4. The order of the Commission is erroneous because if it had a doubt as to the facts, it should be decided in favor of the petitioner.

The petitioner's arguments in support of the first and third assignments of error are: That the workman had gone to his own physician for treatment and examination and that the rules laid down by Section 5, paragraph 4, of the law were complied with when he reported to his own physician within five days of the accident. He maintains that the duty of appearing before a doctor within five days is accomplished by appearing before any doctor. The petitioner also argues that even if he had broken rules and been guilty of not giving notice within due time, such guilt could not prejudice the heirs because Section 5 provides that he may be deprived of compensation but it says nothing about the heirs; that the right of the heirs is separate and distinct from that of the workman and does not arise until the workman's death.

We need not go into the rest of his arguments. The respondent, the State Insurance Fund, argues that whether the workman complied or not with Section 5 of the law is a question of fact which cannot be revised by this Court; and that it does not consider whether the workman's opposition to submit to treatment deprives the heirs of compensation, an issue in this case.

The main issue is whether the workman complied with the provisions of the law as to appearing before a doctor within five days of the accident and whether his failure to do so should deprive the workman's heirs of compensation.

Section 5, paragraph 4 (Laws of 1935, pages 250, 274) says:

"The refusal or objection of a workman or employee, without just cause, to submit to the medical examination or professional treatment provided by the Manager shall depr've him of his r'ghts to receive compensation under this Act or to institute or prosecute proceed'ngs hereunder to recover such compensation: Provided, That should the workman or employee fail to present himself to the phys'cian for professional treatment within a period of not more than five (5) days after the accident occurs, and fails to explain his delay satisfactorily to the Manager, the said manager may deprive him of his r'ght to receive any compensat:on, but under no circumstances can the workman or employee be denied such medical attendance as, in the judgment of the Manager, may be deemed necessary in endeavoring to bring about his complete recovery; And provided, further, That in order to appreciate and verify the disability affecting a workman or employee, the Manager may compel the personal appearance of the injured person at the expense of the State Fund."

And paragraph 3 of Section 5 says:

"The injured workman or employee shall be entitled to designate, for his own account, a physician or surgeon to be present at his examinat'on or to treat him. Th's, however, shall not affect the right of the physician or surgeon designated by the Manager to visit the injured workman or employee at all such times as he may deem proper, and under reasonable circumstances, during such time as the wokman or employee may be disabled for work."

We see from the law that within five days of the accident the workman must present himself to the doctor of the State Insurance Fund for physical examination and professional treatment. He may appoint his own physician to be present at the examination and after the examination is finished he may choose that the treatment be given by his own physician and not by the Fund's. But the law nowhere says that the examination may be made by any doctor other than the Fund's. The workman by not presenting himself before the Fund's doctor within five days of the accident failed to comply with Section 5 of the Workmen's Compen-

sation Act. Did his action deprive the Fund of any right? We think it did. The appearance of the workman before the Fund's doctor would have given notice to the insurer of the accident, and a chance to investigate the same.

"The section of the Workmen's Compensation Act dealing with notice of injury is to afford an opportunity to the employer to investigate to determine whether there is an accidental injury within the terms of the act." *Amerada Petroleum Co.* v. *Lovelace*, 85 P. (2d) 407.

The courts have held in many cases that the insurer has to be given notice of the accident within the statutory limit and that failure to do so may be a bar to compensation proceedings.

"This is a special statutory proceeding. The condition that the party sought to be charged must be given or have notice of the accidents is a substantial statutory right which when claimed may not be ignored, either by a commission or court." *Ames* v. *Lake Independence Lumber Co.*, 226 Mich. 83, 90, 197 N. W. 499, 502.

"The statutory requirement that employer must receive notice of accidental injury within 3 months of its occurrence is a substantial right and not one to be disregarded." *Podkastelnea* v. *Michigan Cent. R. Co.*, 198 Mich 321, 164 N. W. 418; *Herbert* v. *Lake Shore & M.S.R. Co.*, 200 Mich. 566, 166 N. W. 923; *Gumtow* v. *Kalamazoo Motor Express*, 266 Mich. 16, 253 N. W. 198; *Maki* v. *J. Groves & Sons*, 279 Mich. 1644, 273 N. W. 300; *Clifton* v. *Chrysler Corporation*, 287 Mich. 87, 282 N. W. 912.

"Since the statute provides that refusal by employee to submit to an examination by the employers' physician shall suspend his right to maintain proceeding for the collection of compensation, the fact that the failure of an employee to give the statutory notice of his injury prevented the employer from having the employee examined by its physicians and offering treatment for the injury is a ground for claiming the employer was misled by the failure to give notice of the injury even though the employee might have denied the employer's physician the opportunity to treat him." *Frank Martin Laskin Co. et al.* v. *Ind. Com. et al.*, 193 N.W. 70.

In some jurisdictions in which the law has a provision similar to ours, the failure of the workman to report to the

doctor for examination within five days deprives him of the right to compensation and to start any proceedings to claim such compensation. It has been decided that an Industrial Commission has no jurisdiction to sit upon a case when it has not been shown that the insurer was notified within the term prescribed by the statute.

"Under Workmen's Compensation Commission Act, sec. 24, providing that no proceedings shall be maintained under that act unless notice of the accident is given the employer within 30 days, notice is essential to the jurisdiction of the Industrial Commission." *Ridge Coal* v. *Ind. Com.* 131 N.E. 637; 298 Ill. 532.

In Michigan it has been held that failure to notify the insurer within the statutory limit of an accident from which the workman died some time later so that the first notice that the insurer had of the accident was after the death, was a bar to recovery of compensation. The case was one where a workman in a lumber camp stopped working and went home complaining of fever. It later developed that he was suffering from typhoid fever from which he died some time later. After he died, his heirs claimed, and proved, that the typhoid had been acquired from drinking water in the lumber camp. The court held that failure to notify the insurer within the statutory limit had deprived him of his right to have the workman examined and his treatment supervised by the insurer's physician and to investigate within reasonable time whether the supposed accident had really happened during the course of employment.

"Failure to notify the employer that the employee was afflicted with typhoid fever or that his death was caused thereby, within three months after the happening thereof, as required by law, is a bar to recovery of compensation for employee's death." *Johnson* v. *Bergland Lumber Co.*, 203 N.W. 840, 231 Mich. 34.

We think, as the Commission did, that if it is decided that claims may be established for the death of the workman resulting from injury of which the Fund never had notice or of which it had notice after the statutory limit, the Fund

would not have a fair chance to investigate the facts of the case, and that the Fund has a statutory right to be notified of the accident within five days, either by the employer's report of the accident or by the employee's appearance before the Fund's doctor.

This disposes of the first and third errors.

Having held that the petitioner is barred from recovery of compensation, any further consideration of the other errors assigned is unnecessary.

The order appealed must be affirmed.

Mr. Justice Travieso took no part in the decision of this case.