KELLER v. ANDERSON SAND & GRAVEL CO.

1. WORKMEN'S COMPENSATION—BACK INJURY—NOTICE TO EMPLOYER —EVIDENCE.

Testimony of employee who claimed his back was accidentally injured that he notified foreman of accident three weeks after it occurred, was sent to employer who gave him an order to consult a certain doctor who refused to examine his back, and that subsequently he was examined by a person who stated he represented employer *held*, sufficient evidence on question of notice of injury to employer.

2. SAME—SPONDYLOLISTHESIS—DISABILITY—EVIDENCE.

Employee who made claim for injury to back, and showed he had been able to do any and all types of work prior to the accident and now has symptoms which have progressed to the point that make it impossible for him to do the type of work he had previously done, *held*, entitled to award of compensation notwithstanding employer and insurer claim plaintiff to be suffering from spondylolisthesis, a congenital condition; it being established that such condition may result from traumatic causes.

Appeal from Department of Labor and Industry. Submitted January 4, 1940. (Docket No. 60, Calendar No. 40,852.) Decided March 15, 1940.

Samuel Keller presented his claim against Anderson Sand & Gravel Company, employer, and Michigan Mutual Liability Company, insurer, for compensation for personal injuries sustained in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*James R. Rood* and *Walter B. Brown*, for plaintiff.

*L. J. Carey* and *Geo. J. Cooper*, for defendants.

Potter, J. Plaintiff claims to have been injured August 20, 1936, while in the employ of the Anderson Sand & Gravel Company. Report of a non-compensable accident was filed by the company October 31, 1936.

Plaintiff says he notified Mr. Peterson, his foreman, on September 10, 1936, and that Peterson sent him to Mr. Anderson who gave him an order to consult Dr. Brock; that Dr. Brock refused to examine his back; that on October 3, 1936, he was examined by John W. Troester, representing the Anderson Sand & Gravel Company, of Saginaw. We think the testimony of plaintiff that he went to Peterson and by Peterson was sent to Anderson who sent him to Brock, and that Brock refused to treat him for the injuries to his back, followed by the statement of Mr. Troester that he represented the Anderson Sand & Gravel Company, is sufficient evidence on the question of notice.

In the case of *Dochoff* v. *Globe Construction Co.,* 212 Mich. 166, it is said:

"The provisions of the act directing the manner and fixing the time in which the injured party must proceed to establish his right to an award, set the statute of limitations in plain terms. They are not open to variations by judicial construction. Plaintiff's claim for compensation was not made upon his employer within six months from the date of the alleged accident."

This ruling was followed in *Sweet* v. *Gale Manfg. Co.,* 289 Mich. 711 (decided on rehearing December 19, 1939), where it is said:

"Plaintiff also seems to take the position that notice of an accidental injury to an insurer constitutes notice to the employer as required by 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165). The claim is erroneous in view of the decision in *Dochoff* v. *Globe Construction Co.,* 212 Mich. 166."

John W. Troester claimed to be representing the Anderson Sand & Gravel Company, of Saginaw, Michigan. On cross examination, defendants introduced a statement signed by plaintiff in the presence of Troester, as follows:

"*Mr. Griffin:* Exhibit No. 1 is a statement of Samuel Keller, file No. S-18782, taken by John W. Troester representing Anderson Sand and Gravel Company, Saginaw, Michigan, October 3, 1936."

We think that testimony is sufficient.

Defendants also claim plaintiff was suffering from spondylolisthesis. This is defined by Dorland's American Illustrated Medical Dictionary (17th Ed.), p. 1272, as:

"Forward displacement of the lumbar vertebra, with consequent contraction of the pelvis."

There is testimony indicating it would have been impossible for plaintiff to have worked if he had had any such condition as that complained of. But the fact remains he did the hardest kind of physical labor, made no complaint that the work was too hard for him, and, though it is contended that spondylolisthesis is congenital, nevertheless it seems to be established that it may result from traumatic causes. Based upon the facts, this case presents the picture of a man who, prior to the accident, was able to do any and all types of work, and thereafter the symptoms of which he now complains developed and progressed to a point where it became impossible for him to do the type of work which he had previously been able to do.

Award of the department of labor and industry affirmed, with costs.

Bushnell, C. J., and Sharpe, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.