HIPÓLITO OJEA, demandante y apelante, *v.* DRUG COMPANY OF PORTO RICO, demandada y apelada.

No. 4714.—*Sometido:* Mayo 9, 1929. *Resuelto:* Febrero 28, 1930.

*L. Martínez Avilés,* abogado del apelante; *Feliú & La Costa,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La alegación de negligencia en este caso fué substancialmente que la demandada consintió, al permitir a una persona sin licencia, manejar un automóvil y que se guiara dicho automóvil por las calles de Arecibo sin obedecer las órdenes del demandante, un policía en servicio activo. Se hizo la alegación de que dicho policía sufrió daños con motivo de la supuesta negligencia. La Corte de Distrito de Arecibo, resolviendo una moción de *nonsuit,* dictó sentencia a favor de la demandada.

Julio L. Rivera era empleado de la demandada, cuyo deber era vender los artículos de esta última. Utilizaba un automóvil para tal fin. Supondremos con el apelante que él estaba autorizado para emplear un *chauffeur.* La prueba no revela que la compañía tuviera el más ligero conocimiento de que el *chauffeur* empleado no tenía licencia. Igualmente no hallamos que hubiera relación causal alguna entre esta falta de licencia y el accidente. No surgió causa de acción alguna por el empleo negligente de parte de Rivera de un *chauffeur* sin licencia.

Dos policías estaban deseosos de inspeccionar el automóvil en que iba Rivera por haber sido informados que Rivera y el supuesto *chauffeur* llevaban dentro de dicho automóvil un cerdo robado. El demandante estaba a punto de montar en el automóvil cuando Anés, el *chauffeur* citado, lo echó a caminar haciendo que el policía se cayera.

Ninguno de los actos descritos de Rivera o Anés fué ejecutado en cumplimiento de ningún deber que alguno de

ellos tuviera para con la demandada. Por consiguiente, no surgió ninguna responsabilidad por parte de esta última. *Torres Sosa* v. *Lema,* 36 D.P.R. 80; opinión concurrente del Juez Asociado Sr. MacLeary en *Marrero* v. *López,* 15 D.P.R. 766, 769; *Martínez* v. *Trujillo y Mercado,* 24 D.P.R. 290.

[3] La corte tenía el derecho absoluto de creer que los actos ejecutados por los supuestos agentes o por el *chauffeur* fueron, si no maliciosos, realizados para un fin independiente de sus deberes para con su supuesto principal. Por tanto, la demandada tampoco era responsable. *Concepción Lebrón* v. *Singer Sewing Machine Co.,* 39 D.P.R. 921; *Firemen's Fund Ins. Co.* v. *Schreiber,* 45 L.R.A., (N.S.) 314, 321; *Sweden* v. *Alkenson Improvement Co.,* 27 L.R.A. (N.S.) 124. La apelada cita otros casos referentes a la misma conclusión alegada y también varios otros argumentos en apoyo de la sentencia, que son innecesarios considerar.

*Debe confirmarse la sentencia.*