ANICASIA CASTRO; FELIPA, LUIS, ANGEL LUIS, OLGA MARÍA, BLANCA ELENA, NAIDA LUZ y DAVID, de apellidos CASTRO y CASTRO, menores de edad representados por su madre con patria potestad, ANICASIA CASTRO, demandantes y apelantes, *v.* TULIO MARRERO y JESÚS M. ROSSY, demandados y apelados.

Núm. 7660.—*Sometido:* Enero 24, 1939. *Resuelto:* Enero 31, 1939.

*F. M. Susoni, Jr.,* abogado de los apelantes; *Cayetano Coll y Cuchí* y *Víctor A. Coll,* abogados de los apelados.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Anicasia Castro, por sí y como representante de sus menores hijos, Felipa, Luis, Angel Luis, Olga María, Blanca Elena, Naida Luz y David Castro y Castro, demandaron a Tulio Marrero y Jesús M. Rossy en reclamación de cinco mil dólares por daños y perjuicios, alegando como base de su reclamación lo que sigue:

"Que la demandante Anicasia Castro es la viuda del finado Juan Castro Iglesias y los demás demandantes son hijos legítimos de la mencionada demandante Anicasia Castro y su finado esposo Juan Castro Iglesias; y todos los que constituyen los beneficiarios del mencionado finado, a los efectos de la Ley núm. 45 de 18 de abril de 1935.

"Que el finado Juan Castro Iglesias de 45 años de edad y de oficio jornalero prestaba servicios como tal para los demandados en su calidad de patronos comprendidos dentro de las disposiciones de la ley supra.

"Que allá para el día 2 de agosto de 1937 y mientras el causante de los demandantes se encontraba trabajando en su calidad de jornalero para los patronos Tulio Marrero y Jesús M. Rossy, o sea los demandados, como a eso de las 3:45 de la tarde sufrió un accidente en su trabajo a consecuencia del cual falleció a los pocos minutos.

"Que el causante de los demandantes ganaba un jornal representado por 50 centavos por cada metro de piedra en bloque en bruto que preparase para los demandados y de la cantera que los demandados poseen, según la mejor información y creencia de los demandantes.

"Que los demandantes dependían exclusivamente de su causante Juan Castro Iglesias para su subsistencia sin que en ningún momento ni por ningún otro conducto hubieran recibido o recibieran ayuda alguna para atender a sus necesidades.

"Que los demandados no han satisfecho al Administrador del Fondo del Estado las primas correspondientes al seguro por tal concepto, según la mejor información y creencia de los demandantes.

"Que el accidente sufrido por el causante de los demandantes fué de la manera siguiente: mientras cargaba un *truck* de piedra para ser trasladado a la trituradora, se desprendió de la cantera

un bloque de piedra que vino a dar sobre el pecho y ambas manos del causante de los demandantes, produciéndole golpes y contusiones a consecuencia de los cuales falleció a los pocos minutos.

"Que los demandantes como consecuencia del fallecimiento de su causante han sufrido daños y perjuicios por valor de $5,000.00.

"Que los demandantes han recurrido varias veces a los demandados para que satisfagan el importe reclamado por el concepto expresado, lo que se han negado a hacer en todo momento y en la actualidad se niegan a ello."

Emplazados los demandados excepcionaron la demanda alegando que no aducía hechos suficientes para determinar una causa de acción, y la corte dictó la siguiente resolución:

"No apareciendo de la faz de la demanda que el accidente ocurrió por la negligencia de los demandados, se declara con lugar la excepción previa de insuficiencia de hechos constitutivos de causa de acción. Véase el Art. 15 de la Ley de Compensaciones por Accidentes del Trabajo, aprobada el 18 de abril de 1935."

Pidieron reconsideración los demandantes y la corte la negó por medio de resolución fundada. Solicitaron entonces que se dictara sentencia y dictada que fué apelaron de ella para ante este tribunal, señalando en su alegato un solo error, a saber: el cometido por la corte al decidir que de acuerdo con el artículo 15 de la Ley núm. 45 de abril 18, 1935 (Leyes de 1935 (1) pág. 251), era necesario alegar y probar la negligencia del patrono para que surgiera el de-recho del obrero para obtener la compensación del estatuto mencionado en casos de patronos delincuentes.

En su resolución la corte sentenciadora se expresó así:

". . . los demandantes . . . en apoyo de su contención transcriben extensos párrafos de la Enciclopedia Jurídica Española y la reciente decisión de nuestro Tribunal Supremo en el caso de *Bonilla* v. *Mitchell*, 51 D.P.R. 126, en que se estimó suficiente una demanda similar a la de este caso, a pesar de que no se alegaba en ella culpa o negligencia por parte del patrono demandado.

"El Artículo 15 de la citada Ley, que sirvió de fundamento a nuestra resolución, en lo pertinente dice así:

" 'Artículo 15.— . . . . . . . . . .

" 'Si cualquier patrono que emplee cuatro (4) o más obreros o empleados dejare de asegurar el pago de compensaciones por accidentes del trabajo de acuerdo con esta Ley, cualquier obrero perjudicado o sus beneficiarios pueden proceder contra tal patrono radicando una petición para compensación ante la Comisión Industrial, y, además pueden ejercitar una acción contra el patrono por daños y perjuicios, lo mismo que si esta Ley no fuera aplicable, y tendrán derecho en tal acción, sin prestar fianza, a embargar la propiedad del patrono por el montante que determinare la corte para asegurar el pago de la decisión que recayere, siempre que la corte estime que hay una justa causa de acción después del examen de la demanda, la cual deberá ser jurada. Tal embargo incluirá honorarios de abogado, que serán fijados por la corte, y el embargo se mantendrá hasta que el caso haya sido fallado y satisfecho el importe de la sentencia. Si como resultado de tal acción por daños y perjuicios recayere un fallo contra el patrono, en exceso de la compensación fijada por esta Ley, la compensación fijada, si fuere pagada o si fuere garantizada con garantía aprobada por la corte, se deducirá del fallo.

" 'En tal procedimiento no constituirá defensa para el patrono que el obrero o empleado, fué culpable de negligencia contributoria o que asumió el riesgo de la lesión o que la lesión fué causada por la negligencia de un contratista o subcontratista independiente, a menos que el contratista o subcontratista independiente se hubiera asegurado con arreglo a las disposiciones de esta Ley.

" 'No será válido ningún contrato celebrado entre un patrono y un obrero o empleado que se proponga permitir el uso de cualquiera de estas defensas.'

"Como podrá verse, el Artículo parcialmente transcrito no contiene, como contenía la Sección 31 de la Ley de Indemnizaciones por Accidentes del Trabajo (Ley núm. 85 de 1928, pág. 631), ninguna disposición que creasc una presunción de negligencia en contra del patrono. La referida sección 31, correspondiente al Artículo 15 de la vigente Ley, contenía un *Disponiéndose* que decía así:

" ' . . . *Disponiéndose* que en tal acción se presumirá que el daño recibido por el empleado fué resultado directo y se debió a la negligencia del patrono, y el peso de la prueba descansará sobre el patrono para contrarrestar la presunción de negligencia . . . '

"No está de más transcribir ahora el Artículo 51 de la vigente Ley de Compensaciones por Accidentes del Trabajo, aprobada en 1935, a saber:

" 'Artículo 51.—La Ley núm. 85, aprobada el 14 de mayo de 1928, tal como quedó subsiguientemente enmendada, queda por la presente expresamente derogada, con excepción de lo que en cuanto a la resolución y liquidación de los casos pendientes bajo dicha Ley se dispone en los Artículos 40 a 47, ambos inclusives, de esta Ley.'

"El caso de *Bonilla* v. *Mitchell*, supra, en que tanto hincapié hacen los demandantes, sería de perfecta aplicación si el accidente que causó la muerte del obrero hubiera ocurrido bajo el imperio de la Ley de 1928. En aquel caso el accidente ocurrió el 25 de agosto de 1933, mientras que en éste tuvo lugar el 2 de agosto de 1937, o sea más de dos años después de estar en vigor la Ley de 18 de abril de 1935.

"Si la intención del legislador hubiera sido conservar la presunción de que hemos hecho referencia, fácil le hubiera sido expresarlo, como tuvo buen cuidado de conservar el privilegio que concedía al obrero la Sección 31, al efecto de que no pudiese alegarse contra él la defensa de negligencia contributoria, asunción de riesgo, y otras que aparecen en dicha Sección 31, al igual que en el Artículo 15 de la vigente Ley.

"La Enciclopedia Jurídica Española nos merece un gran respeto en materia de Derecho Civil, pero no puede darnos gran luz en la interpretación de una ley de origen americano, como es la que interpretamos."

La decisión del caso depende exclusivamente de los términos en que está redactada la ley sobre la materia. Las acciones de daños y perjuicios por culpa o negligencia se rigen por los principios generales contenidos en el Código Civil y otras leyes. De acuerdo con el progreso de los tiempos el legislador separó las provenientes de accidentes del trabajo y las reguló por leyes especiales, creando organismos también especialmente dedicados a las mismas.

El título de la Ley núm. 45 de 1935 que es la aplicable a este caso, comienza "Ley para promover el bienestar de los habitantes de El Pueblo de Puerto Rico, en o referente a accidentes que causen la muerte o lesiones, o enfermedades o muerte derivadas de la ocupación de los trabajadores en el curso de su empleo; . . ." Por ella se crea un verdadero

sistema de seguro. Es aplicable compulsoriamente a todo patrono que emplee cuatro o más obreros comprendidos en la misma, pero como pueden existir casos como el presente en que el patrono no obedezca el mandato, el legislador los tomó en cuenta y para ellos dictó las reglas que contiene el artículo 15 de la ley que en parte transcribió la corte sentenciadora.

██ En la parte no transcrita se dispone que cuando en tales casos ocurriere un accidente, el Administrador del Fondo del Estado determinará la compensación que proceda y certificará su decisión al Tesorero de Puerto Rico para su cobro al patrono.

Esa determinación se hará dándose tanto al patrono como al obrero oportunidad de ser oídos y defenderse. El patrono por el hecho de no asegurarse no escapa pues de los efectos de la ley ni deja de estar sujeto a la jurisdicción de los organismos que crea ni a las disposiciones de la misma que le sean aplicables. El obrero queda siempre garantido.

Pero dispuso más para tales casos el legislador. Como puede verse en la parte de la sección 15 transcrita en la resolución del juez sentenciador, prescribió que *además* de la petición de compensación ante la Comisión Industrial, el obrero o sus beneficiarios pueden ejercitar contra el patrono ante las cortes una acción por daños y perjuicios, *lo mismo que si esta ley no fuera aplicable.* De suerte que para esa acción no habrá que tenerse en cuenta la nueva ley ni por consiguiente los nuevos principios por la misma establecidos.

Después de eso decretado, extiende el legislador al pleito, enunciándolas expresamente, algunas de las nuevas reglas, como por ejemplo, la de que no constituirá defensa para el patrono que el obrero o empleado fuere culpable de negligencia contributoria.

Y así extendió en 1928 la de que en tales acciones se presumiría que el daño recibido por el empleado fué el resultado directo y se debió a la negligencia del patrono, pero al decretar la nueva ley en 1935 que es, repetimos, la aplicable a este caso, eliminó tal extensión.

Siendo ello así, resulta claro que no puede llegarse a otra conclusión que a la que llegara la corte de distrito, quedando, en tal virtud, la acción ante los tribunales, en cuanto a la negligencia del patrono, sujeta a las reglas generales que se aplican en las cortes a las acciones de tal naturaleza y no a las especiales de la Ley de Compensaciones por Accidentes del Trabajo que debe considerarse a ese respecto ''lo mismo que . . . si no fuera aplicable''. Y como esas reglas generales exigen que se alegue la negligencia del patrono para que surja la causa de acción contra el mismo y la demanda en este caso no contiene tal alegación, es evidente que no aduce hechos suficientes como resolvió la corte sentenciadora.

*Debe declararse el recurso sin lugar y confirmarse la sentencia recurrida.*

El Juez Asociado Sr. De Jesús no intervino.