JUANA TORRES, en su carácter de madre con patria potestad sobre sus menores hijos JOAQUÍN, MARTA, ISABEL, AUREA e IRMA SOLÍS TORRES, recurrentes, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta de sus miembros Sres. M. LEÓN PARRA, FRANCISCO PAZ GRANELA, y JUAN M. HERRERO, demandada, y RAMÓN MONTANER, ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrido.

Núm. 172.—*Sometido:* Julio 5, 1939. *Resuelto:* Julio 29, 1939.

*Virgilio Brunet,* abogado de la recurrente; *M. León Parra,* abogado de la Comisión Industrial; *Hon. Procurador General B. Fernández García, Emilio de Aldrey, Procurador General Auxiliar,* y *Víctor J. Vidal González* y *G. Atiles Moréu,* abogados estos últimos del Fondo del Estado, abogados del Administrador del Fondo recurrido.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

José Solís León trabajaba como maestro de obras en la construcción de una casa. El patrono lo era Emilio Solís, hermano suyo. Emilio con frecuencia tenía que salir de la ciudad y José estaba a cargo de la obra. El 23 de octubre de 1935 dos trabajadores bajaban unos moldes de madera que se habían utilizado para el piso de la segunda planta. Uno de los moldes, que medía como dos y medio por tres pies, se desprendió y cayó desde una altura de diez pies sobre el piso inferior de concreto. El molde rebotó e hirió a José Solís León en la pantorrilla izquierda. La parte lesionada no sangró, pero inmediatamente se ennegreció. El obrero salió y regresó más tarde con un vendaje en la pierna. Continuó trabajando el resto del día. Tuvo que recluirse en cama uno o dos días más tarde. Dentro del término de cinco días acudió al doctor Soto Rivera, su médico particular, para que lo examinara y lo atendiera. El obrero empeoró y se le infectó

la herida. Fué llevado al Hospital Municipal de Río Piedras. Según la declaración de dicho médico, de la lesión se le desarrolló una flebitis que le produjo una pulmonía. Como resultado de esta enfermedad el obrero murió el 19 de noviembre. El 8 de diciembre de 1935 sus herederos radicaron una reclamación ante el Administrador del Fondo del Seguro del Estado, siendo éste el primer aviso que el Fondo tuvo del accidente. En noviembre 1 de 1937 el Administrador denegó la reclamación. Los beneficiarios, representados por su madre, apelaron para ante la Comisión Industrial. Luego de una prolongada vista durante la cual ambas partes ofrecieron numerosos testigos, la Comisión, por resolución de marzo 9, 1939, resolvió el caso contra la recurrente. Ésta solicitó la reconsideración y la misma le fué denegada. Entonces acudió ante este Tribunal con un recurso de revisión.

La Comisión no encontró motivo para excusar la omisión del obrero de notificar el accidente. Dice ella: "no fué hasta después del día 8 de diciembre de 1935, esto es, cuando ya el obrero llevaba muchos días de enterrado, que se informara por los familiares de aquél al Fondo del Seguro del Estado, asegurador del patrono en este caso, del accidente que se alegaba sufrido por él." Ella sostuvo que al no notificar al Fondo del Seguro del Estado de su accidente y no comparecer ante el médico del Fondo para ser examinado había violado las reglas que dispone la Ley de Compensaciones por Accidentes del Trabajo, artículo 5, párrafo 4.

Sostuvo la Comisión que al omitir Solís presentarse ante el médico del Fondo del Seguro del Estado dentro de cinco días del accidente fué culpable de "la negativa u oposición sin justa causa del obrero a someterse al examen médico provisto por el Administrador," y que no tenía derecho a compensación. No se convenció la Comisión que el accidente del obrero originara una flebitis que se complicara con pulmonía, o que él padeciera primero de una pulmonía, de la cual se desarrollara después una flebitis. Para sostener su decisión la Comisión aduce otros razonamientos.

La peticionaria levanta cuatro cuestiones, a saber:

1. Que la Comisión erró al resolver, que José Solís León faltó a lo dispuesto en el artículo 5, párrafo 4, de la Ley núm. 45 de 1935, porque no compareció ante el médico del Fondo, y que al así actuar el obrero, sus beneficiarios perdieron todo derecho a reclamar la compensación que provee la ley para casos de muerte.

2. Que la Comisión erró porque ella carece de facultad legal para privar de compensación a los beneficiarios de un obrero cuando éstos establecen su reclamación muchos días después de enterrada una persona.

3. Que la Comisión erró porque aun cuando el obrero hubiera renunciado al derecho que tenía a recibir compensación, negándose a recibir tratamiento médico, el derecho de los beneficiarios no quedaba perjudicado por ser un derecho independiente y distinto completamente del derecho del obrero.

4. Que la Comisión erró porque cualquier duda que pudiera tener la Comisión en cuanto a los hechos debió resolverse en favor de los beneficiarios.

Los argumentos que la peticionaria aduce en apoyo de su primero y tercer señalamientos de error son: que el obrero había comparecido ante su propio médico para tratamiento y examen dentro de los cinco días del accidente y que por tanto había cumplido con las reglas del artículo 5, párrafo 4, de la ley. Sostiene que el deber de comparecer ante un médico se cumplió al presentarse ante cualquier médico. También argumenta la peticionaria que aunque el obrero hubiera faltado a las disposiciones de ley y fuera culpable de no notificar al Fondo dentro del término debido, esa falta no puede perjudicar a los herederos porque el artículo 5 provee que el obrero podrá ser privado de compensación pero no menciona para nada a los herederos, y que los derechos de éstos son completamente distintos de los del obrero y no surgen hasta el momento de la muerte.

No necesitamos discutir el resto de su argumentación. El Fondo del Seguro del Estado recurrido en este caso alega que el determinar si el obrero cumplió o no con el artículo 5 de la ley es una cuestión de hecho que no puede ser revisada

por este tribunal y que no considera una cuestión a resolver en este caso el determinar si la oposición del obrero a someterse a tratamiento priva de compensación a sus herederos.

La cuestión principal a resolver es si el obrero cumplió con las disposiciones de ley sobre comparecencia ante un médico dentro de cinco días del accidente y si la falta de así hacerlo debe privar de compensación a sus herederos.

El artículo 5, párrafo 4 (Leyes de 1935, págs. 251, 275), provee:

"La negativa u oposición sin justa causa, del obrero o empleado a someterse al examen médico o tratamiento facultativo provisto por el Administrador surtirá el efecto de privarlo de su derecho a recibir compensación de acuerdo con esta ley o entablar o seguir procedimiento de acuerdo con la misma para obtener tal compensación; *Disponiéndose,* que si el obrero o empleado no se presentare al médico dentro de un término que no excederá de cinco (5) días después de la ocurrencia del accidente para tratamiento facultativo, ni explicare satisfactoriamente su demora al Administrador, éste podrá privarlo de su derecho a recibir compensación alguna, pero no podrá negarse al obrero o empleado bajo ninguna circunstancia, la asistencia médica que a juicio del Administrador se considere necesaria hasta tratar de lograr su total restablecimiento; *Y disponiéndose, además,* que para apreciar y comprobar la incapacidad con que queda afecto el obrero o empelado, el Administrador podrá compeler la comparecencia personal del lesionado por cuenta del Fondo del Estado."

Y el párrafo 3 del mismo artículo dice:

"El obrero o empleado lesionado tendrá derecho a designar por su cuenta un médico o un cirujano para que presencie su examen o le preste tratamiento. Esto, sin embargo, no afectará el derecho del médico o del cirujano designado por el Administrador para visitar al obrero o empleado lesionado en todos los momentos que considere oportunos y bajo circunstancias razonables, durante · el tiempo que esté imposibilitado de trabajar."

Por la lectura de la ley vemos que dentro de cinco días después de la ocurrencia del accidente el obrero debe presentarse ante el médico del Fondo del Seguro del Estado

para examen y tratamiento médico. Él puede designar su propio médico para que esté presente durante el examen, y después de éste puede escoger el tratamiento de su propio médico y no el del médico del Fondo del Seguro del Estado. Pero en ninguna parte la ley autoriza que el examen lo practique un médico que no sea el del Fondo del Seguro del Estado. El obrero no se presentó ante el médico del Fondo del Seguro del Estado dentro de los cinco días del accidente y faltó a lo dispuesto por el artículo 5 de la Ley de Compensaciones por Accidentes del Trabajo. ¿Privó esta omisión de algún derecho al Fondo del Seguro del Estado? Creemos que sí. La comparecencia del obrero ante el médico del Fondo hubiera informado al asegurador de la ocurrencia del accidente y le hubiera dado la oportunidad de investigarlo. °

"El artículo de la Ley de Compensaciones a Obreros que trata sobre notificación del accidente tiene como objeto ofrecer una oportunidad al patrono para investigar y determinar si hay un accidente de acuerdo con los términos de la ley." *Amerada Petroleum Corp.* v. *Lovelace,* 85 Pac. (2d) 407.

Las cortes han sostenido en muchos casos que el asegurador debe ser notificado del accidente dentro del límite prescrito por el estatuto y que la omisión de así hacerlo puede ser un impedimento para reclamar compensación.

"Éste es un procedimiento estatutario especial. La condición de que la parte a quien se demanda debe ser notificada o tener conocimiento del accidente, es un derecho estatutario sustancial y cuando se alega no puede ser ignorado por una comisión o por una corte." *Ames* v. *Lake Independence Lumber Co.,* 226 Mich. 83, 90, 197 N. W. 499, 502.

"El precepto estatutario de que el patrono debe ser notificado del accidente dentro de tres meses de su ocurrencia es un derecho sustancial y no puede ser ignorado." *Podkastelnea* v. *Michigan Cent. R. Co.,* 193 Mich. 321, 164 N. W. 418; *Herbert* v. *Lake Shore & M. S. Ry. Co.,* 200 Mich. 566, 166 N. W. 923; *Gumtow* v. *Kalamazoo Motor Express,* 266 Mich. 16, 253 N. W. 198; *Maki* v. *J. Groves & Sons,* 279 Mich. 644, 273 N. W. 300; *Clifton* v. *Chrysler Corporation,* 287 Mich. 87, 282 N. W. 912.

"Como el estatuto provee que la negativa por parte del empleado de someterse a examen por el médico del patrono suspenderá sus derechos a reclamar compensación, la falta de un empleado de notificar su accidente, como provee la ley, y así impedir que el patrono pudiera ordenar un examen del obrero por sus médicos, y facilitarle tratamiento, es base para alegar que el patrono sufrió perjuicio por la falta de notificación, aunque el empleado tuviese derecho a negarse a recibir tratamiento del médico del patrono." *Frank Martin-Laskin Co., et al.* v. *Industrial Commission, et al.*, 193 N. W. 70.

En algunas jurisdicciones en que la ley tiene disposición igual a la nuestra, la falta del obrero de comparecer ante el médico para examen dentro de cinco días, le priva del derecho a compensación y además le impide entablar o seguir procedimiento alguno para obtener tal compensación. Se ha decidido que una Comisión Industrial no tiene jurisdicción para resolver un caso cuando no se ha demostrado que se notificó al asegurador dentro del término prescrito por el estatuto.

"Bajo la Ley de la Comisión de Compensaciones a Obreros, artículo 24, que provee que no se podrá entablar procedimiento bajo dicha ley a menos que se informe del accidente al patrono dentro de 30 días, tal notificación es esencial a la jurisdicción de la Comisión Industrial." *Ridge Coal* v. *Industrial Commission*, 131 N. E. 637; 298 Ill. 532.

En Michigan se ha sostenido que la omisión de notificar al asegurador dentro del período estatutario de la ocurrencia de un accidente a consecuencia del cual un obrero falleció algún tiempo después, de modo que la primera noticia que el asegurador tuvo de tal accidente fué después de la muerte, constituye un impedimento para recibir compensación. El caso fué uno en que un obrero de una compañía maderera abandonó el trabajo y se marchó para su casa quejándose de fiebre. Resultó luego que padecía de fiebe tifoidea y de ella murió a los pocos días. Después de su muerte los herederos alegaron y probaron que la tifoidea había sido adquirida tomando agua en el campamento donde trabajaba. La corte sostuvo que la omisión de notificar al asegurador dentro del límite esta-

tutario le había privado de su derecho a disponer que su propio médico examinara al obrero y a revisar el tratamiento seguido por éste, y a investigar dentro de tiempo razonable si el accidente había realmente ocurrido en el curso del trabajo.

"La omisión de notificar al patrono que el empleado sufría de fiebre tifoidea o que ésta le causó la muerte, dentro de tres meses después de la ocurrencia, como requiere la ley, es un impedimento para recibir compensación por la muerte del empleado." *Johnson v. Bergland Lumber Co.*, 203 N. W. 840, 231 Mich. 34.

Creemos, como la Comisión, que si se autorizara a presentar reclamaciones por la muerte de un obrero alegando que había sido causada por un accidente del cual no se notificó nunca al Fondo del Seguro del Estado, o del cual se le notificó después del término prescrito por la ley, el Fondo no tendría una oportunidad justa para investigar los hechos del caso. El Fondo tiene un derecho estatutario a ser informado del accidente dentro de cinco días de su ocurrencia, ya por el informe del patrono o por la comparecencia del empleado ante el médico del Fondo.

Esto resuelve los errores primero y tercero.

Habiéndose resuelto que la peticionaria está impedida de recobrar compensación, es innecesario considerar los otros errores señalados.

*La resolución recurrida debe ser confirmada.*

El Juez Asociado Sr. Travieso no intervino.