DOMINGO TORRES, demandante y apelante, v. MUNICIPIO DE PONCE y SIXTO LUCCIONI VALERI, demandados y apelados.

Núm. 8724.—*Sometido:* Noviembre 16, 1943. *Resuelto:* Diciembre 17, 1943.

*Antonio V. Acosta,* abogado del apelante; *Francisco M. Susoni Lens* y *R. Hernández Matos,* abogados, respectivamente, de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La cuestión a resolver en este recurso es si aduce hechos suficientes constitutivos de una causa de acción por daños y

perjuicios una demanda en la cual se alega que un patrono asegurado con el Fondo del Seguro del Estado incurrió en negligencia al no informar al Administrador del Fondo, en violación de la Ley sobre Compensaciones por Accidentes del Trabajo, un accidente que el demandante sostiene le ocurrió en el curso de su empleo y que, como consecuencia de dicha negligencia, dejó de percibir la compensación a que por la referida ley tiene derecho. Los hechos son los siguientes:

Domingo Torres en su demanda alegó que el 22 de septiembre de 1941 el Municipio de Ponce contrató un *truck* perteneciente al codemandado Sixto Luccioni, para dedicarlo a la limpieza de las calles de Ponce y en relación con dicha limpieza y manejo contrataron al demandante para que trabajara como chófer; que el día 23 de septiembre de 1941 al personarse el demandante al trabajo fué ordenado a que llevara el truck a engrasar y preparar al Garage Popular y que allí sufrió un accidente en el curso de su·trabajo en la forma siguiente:

"Mientras el *truck* estaba sobre el burro de engrasar pero con las ruedas en el pavimento, el demandante se paró en el estribo del truck para colocar las alfombras dentro del mencionado *truck*, y al irse a bajar, sin haber notado que el engrasador había alzado el *truck* por sobre el pavimento, se cayó de espaldas sobre el pavimento desde la altura en que estaba el *truck*."

Que como consecuencia del accidente el demandante fué hospitalizado el mismo día, permaneciendo seis meses en el hospital; que como consecuencia también del accidente no ha podido volver a trabajar por haber quedado con las siguientes lesiones permanentes:

"La fractura completa de los apófisis transversos de la segunda, tercera y cuarta vértebras lumbares, con separación de los fragmentos distales. Descomposición general del organismo e inhábil para trabajo de clase alguna."

Alegó además el demandante que notificó al Municipio de Ponce y al codemandado Luccioni del accidente y que se-

gún información y creencia del demandante ninguno de los demandados informó al Fondo del Seguro del Estado del accidente de acuerdo con el artículo 19 (*sic*) de la Ley núm. 45 de 1935; que como consecuencia de la negligencia de los demandados, el demandante hasta el presente no ha sido compensado ni resarcido de los daños y perjuicios sufridos, y que calcula en $514.50 por jornales dejados de obtener durante 49 semanas, y $2000 por daños personales consistentes en la fractura y lesiones recibidas, dolores, sufrimientos, angustia mental y padecimientos.

Los demandados formularon excepciones previas alegando que la demanda no aduce hechos constitutivos de causa de acción, las cuales fueron declaradas con lugar por la corte inferior quien procedió a dictar sentencia desestimando la demanda por entender que la misma no era susceptible de enmienda.

La corte inferior sostuvo (*a*) que no siendo el accidente alegado en la demanda uno que le ocurriera al obrero en el curso de su empleo y como consecuencia del mismo, el patrono no estaba obligado a informar el caso al Administrador del Fondo; (*b*) que no habiéndose alegado en la demanda que el accidente ocurriera debido a la negligencia de los demandados éstos no eran responsables de las dietas y compensación que pudo haber recibido el obrero del Fondo; (*c*) que el caso se rige por lo resuelto en el de *Castro* v. *Marrero*, 54 D.P.R. 201; y (*d*) que el remedio provisto en la Ley núm. 45 de 1935 es exclusivo para casos de patronos asegurados con el Fondo como lo es el municipio demandado.

El artículo 13 [1] de la Ley núm. 45 sobre Compensaciones

---

(1) ''Artículo 13.—Todo patrono deberá llevar un registro de las lesiones graves o leves recibidas por sus obreros o empleados en el curso de su ocupación, o de aquellas enfermedades que protege la ley. Dentro de los cinco días después de ocurrir un accidente deberá el patrono presentar un informe escrito al Administrador del Fondo en blancos suministrados por éste. Dicho informe contendrá el nombre y la naturaleza de la ocupación del obrero o empleado, jornal que ganaba, la situación del establecimiento, el nombre, edad, sexo y ocupación del obrero o empleado lesionado, indicará la fecha y hora de cual-

por Accidentes del Trabajo aprobada el 18 de abril de 1935 ((1) pág. 251) impone al patrono asegurado el deber, claro y preciso, de informar al Administrador del Fondo cualquier accidente que le haya ocurrido a un obrero o empleado suyo en el curso de su ocupación. Le señala un plazo corto y limitado, cinco días, para cumplir dicho deber, con el fin de que el Administrador del Fondo pueda investigar los hechos a la mayor brevedad posible después de ocurrido el accidente. Si el patrono no informa el accidente por considerar, erróneamente, que no ocurrió en el curso del empleo, se expone a la penalidad que establece la ley. Si está sujeto también a la acción civil de daños y perjuicios es la cuestión a resolver en este recurso.

██ Pasamos, por tanto, a considerar la conclusión de la corte inferior al efecto de que no habiéndose alegado negligencia por parte de los demandados en relación con el accidente la demanda no aduce hechos suficientes de acuerdo con lo resuelto en el caso de *Castro* v. *Marrero,* supra.

Los hechos en dicho caso son distintos a los del que consideramos. En aquél se trataba de un patrono *no asegurado,* y el artículo de la Ley núm. 35 de 1935 interpretado y aplicado fué el 15 que, en parte, dispone que ''Si cualquier patrono que emplee cuatro (4) o más obreros o empleados dejare de asegurar el pago de compensaciones por accidentes del trabajo de acuerdo con esta Ley, cualquier obrero perjudicado o sus beneficiarios pueden proceder contra tal patrono radicando una petición para compensación ante la Comisión Industrial, y, además, pueden ejercitar una acción contra el patrono por daños y perjuicios, lo mismo que si esta Ley fuera aplicable, . . . '' resolviéndose que, como en este artículo 15 se había suprimido un disponiéndose que con-

quier accidente que haya causado la lesión, la naturaleza y causa de la lesión y cualquier otra información requerida.

Los patronos que rehusaren o descuidaren hacer los informes requeridos por este artículo serán castigados por la corte municipal donde reside el patrono, con una multa que no excederá de cien (100) dólares.''

tenía la sección 31 de la Ley núm. 85 de 1928 (pág. 631), a virtud del cual se presumía la negligencia del patrono en relación con el accidente, una demanda contra un patrono no asegurado que no alegara dicha negligencia no aducía hechos suficientes. Como la acción por daños y perjuicios que se concede al obrero es adicional a la reclamación ante la Comisión, expresamente se dijo en el caso de *Castro,* supra, que: "El patrono, por el hecho de no asegurarse no escapa pues a las efectos de la ley ni deja de estar sujeto a la jurisdicción de los organismos que crea ni a las disposiciones de la misma que le sean aplicables. *El obrero queda siempre garantido."* (Bastardillas nuestras.)

En el caso de autos el obrero alegó que notificó a los demandados del accidente y que permaneció seis meses en el hospital. El patrono, en violación del art. 13, supra, no informó el accidente al Administrador del Fondo y esta omisión es la que el demandante imputa como negligencia al amparo—según sostiene en su alegato—del artículo 1802 del Código Civil y arguye que la omisión del patrono de informar al Fondo el accidente constituyó la negligencia en este caso.

Sostuvo la corte inferior, sin embargo, que el remedio provisto en la Ley núm. 45, supra, es exclusivo para patronos asegurados con el Fondo de acuerdo con el artículo 20 que dispone que el derecho establecido en dicha ley para obtener compensación "será el único remedio en contra del patrono." En la determinación de la correcta solución del problema jurídico que presenta un caso como el de autos hay que tomar en consideración no sólo el artículo 13, supra, que impone un deber al patrono, sino también el párrafo 4 del artículo 5 de la Ley núm. 45 en su disponiéndose que dice:

" . . . Disponiéndose, que si el obrero o empleado no se presentare al médico dentro de un término que no excederá de cinco (5) días después de la ocurrencia del accidente para tratamiento facultativo, ni explicare satisfactoriamente su demora al Administrador éste podrá privarlo de su derecho a recibir compensación alguna,

pero no podrá negarse al obrero o empleado bajo ninguna circunstancia, la asistencia médica que a juicio del Administrador se considere necesaria hasta tratar de lograr su total restablecimiento; . . ."

En los casos de *Torres* v. *Comisión Industrial*, 55 D.P.R. 438 y *Montaner, Admor.* v. *Comisión Industrial*, 56 D.P.R. 286, esta Corte tuvo ante su consideración resolver sobre el alcance e interpretación de dicho "Disponiéndose" en relación con los derechos del obrero y sus beneficiarios. En el de *Torres* ni el patrono ni el obrero notificaron el accidente al Administrador del Fondo y los beneficiarios del obrero lo hicieron una vez fallecido éste, mes y medio después de ocurrido el alegado accidente, y se resolvió que a menos que la omisión quede satisfactoriamente explicada, la falta del obrero lesionado de presentarse a examen ante el médico del Fondo dentro del término de ley, privaba tanto al obrero como a sus beneficiarios del derecho de obtener compensación porque "El Fondo tiene un derecho estatutario a ser informado del accidente dentro de cinco días de su ocurrencia, *ya por el informe del patrono o por la comparecencia del empleado ante el médico del Fondo.*" (Bastardillas nuestras.)

Posteriormente, en el caso de *Montaner* v. *Comisión,* supra, esta Corte aclaró y limitó el alcance de su decisión anterior y se dijo a la página 291 lo siguiente:

"Este Tribunal no resolvió en el caso de Torres, supra, que el dejar de informar un accidente dentro de cinco días priva a la Comisión Industrial de toda facultad para actuar sobre una solicitud de compensación, no obstante haber el Administrador del Fondo del Estado renunciado al requisito estatutario. En dicho caso no estaba envuelta semejante cuestión."

Se continuó analizando el caso de Torres y se especificó que la conclusión a que en él se llegó "debe interpretarse a la luz de la cuestión y de los hechos que la corte tuvo ante sí . . . " y que "Interpretado en esa forma, ello no significa que el derecho estatutario en cuestión no pueda ser renunciado por el Administrador del Fondo del Estado." Des-

pués de citarse los artículos 13 y 5 de la ley, supra, expresamente se resolvió lo siguiente:

"El dejar el obrero lesionado de presentarse a examen dentro del término de cinco días después de ocurrir el accidente o de explicar la demora, *no es un impedimento absoluto a que se reciba compensación. Evidentemente, es cuestión que cae dentro de la sana discreción del Administrador, para ser ejercitada de acuerdo con las circunstancias de cada caso específico.*" (Bastardillas nuestras.)

En el caso de autos el obrero alegó que notificó a su patrono del accidente tan pronto ocurrió y que luego permaneció en el hospital seis meses, pero no alegó si notificó en alguna forma al médico del Fondo. Tampoco contiene la demanda alegación alguna en cuanto a si el Fondo le denegó compensación por no habérsele notificado por el patrono el accidente o porque el obrero no hubiese explicado satisfactoriamente su demora en presentarse al médico del Fondo y si, de haber el Fondo dictado tal resolución apeló de ella para ante la Comisión Industrial y este organismo la confirmó y solicitó entonces su revisión ante esta Corte Suprema. Todas estas alegaciones eran necesarias. Agotados los remedios que le concede la Ley de Compensaciones por Accidentes del Trabajo y alegado el hecho de su imposibilidad de acudir dentro del término de cinco días de ocurrido el accidente ante el médico del Fondo podría entonces resolverse si la demanda alegaba hechos suficientes. Su causa de acción surgiría de la omisión del patrono en cumplir con el deber que le impone la ley de informar el accidente. Aun cuando el artículo 20, supra, dispone que el remedio concedido por la ley es de carácter exclusivo, somos de opinión que en un caso apropiado, y el de autos puede que lo sea, ya que en la demanda se alega que el apelante estuvo recluído en el hospital seis meses, un obrero que alegue su falta absoluta de culpa en dejar de presentarse al médico del Fondo y que a pesar de esto no ha podido obtener compensación por el hecho fundamental de no haber su patrono

informado el accidente, su demanda al efecto alegaría hechos suficientes. El artículo 13, supra, como hemos dicho impone un deber al patrono. El hecho de que al mismo tiempo imponga una penalidad al patrono por no cumplir con ese deber no compensa en forma alguna los daños que pueda haber sufrido el obrero. En un caso como el de autos, en el cual el obrero alega que ha quedado incapacitado permanentemente como consecuencia del accidente, sería injusto que se le privara de todo remedio, si está a su alcance alegar y probar, entre otros, los hechos que anteriormente hemos especificado.

Tampoco estamos conformes con la conclusión a que llegó la corte inferior de que los hechos alegados en la demanda demuestran que el accidente no ocurrió en el curso del empleo y como consecuencia del mismo. Es cierto que se alega que el demandante fué empleado como chófer para manejar un truck utilizado en la limpieza del municipio, pero también se alega que el patrono le ordenó que llevara el vehículo a engrasar y preparar en un garage y que fué en dicho sitio y mientras el demandante estaba colocando las alfombras del carro que ocurrió el accidente. De manera que si bien el demandante fué empleado como chófer también se le ordenó por el patrono realizar otros deberes. La determinación de si el colocar las alfombras correspondía al engrasador y no al chófer, que hace la corte inferior es una conclusión a la cual sólo podía llegar después de conocer la prueba y no por lo que en la demanda se alega. No es esta una cuestión sobre la cual pueda tomar conocimiento judicial una corte, y si algo hay en las costumbres del país sobre la cual basar una presunción sería contraria a dicha conclusión pues de todos es conocida la extensión de los deberes que a veces se imponen por un patrono a un chófer los cuales no siempre están limitados al hecho físico de conducir o guiar un vehículo. Si era o no un deber del chófer quitar y poner las alfombras antes y después de engrasado

el vehículo son hechos a ser probados y entonces podrá la corte determinar si el accidente ocurrió o no en el curso del empleo y como consecuencia del mismo. .

En cuanto al codemandado Sixto Luccioni la propia corte inferior admite en su opinión que se debió alegar en la demanda que él se obligó por contrato con el municipio a hacer la limpieza de las calles y que para tal trabajo empleara al demandante. Asumiendo, sin resolverlo, que dicha alegación fuera necesaria, lo que demuestra la conclusión de la corte inferior es que también en cuanto al codemandado Luccioni la demanda podía ser enmendada.

Bajo todas las circunstancias concurrentes somos de opinión que la corte inferior erró al desestimar la demanda por considerar que la misma no era susceptible de ser enmendada. Por el contrario, consideramos que al apelante debe dársele la oportunidad de enmendarla, si puede, de acuerdo con las pautas señaladas en el curso de esta opinión.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*