José M. Alonso García, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* Comisión Industrial de Puerto Rico, etc., demandada.

*Número:* O-74-108        *Resuelto:* 22 de octubre de 1974

*Yolanda Morales de Rodríguez, Jorge Márquez Gómez y Miguel A. Guzmán Soto,* abogados del Fondo del Seguro del Estado; *Héctor A. Sosa González,* abogado del obrero lesionado.

PER CURIAM: El obrero Antonio Santiago Avilés mientras trabajaba para la Central Coloso "le dio un mareo y cayó inconsciente y tuvieron que llevarlo al Centro de Salud de Aguada." Esto sucedió el 13 de enero de 1965. Seis años, 1 mes y 3 días después, el 16 de febrero de 1971 compareció ante el

Fondo del Seguro del Estado alegando que había sufrido un accidente del trabajo.

El Fondo le negó la protección de la ley por no estar cubierto por sus disposiciones.

La Comisión Industrial en una decisión dividida revocó al Fondo.

El obrero en declaración prestada a los investigadores del Fondo, manifestó que antes del alegado accidente padecía de epilepsia, que el 13 de enero de 1965 sufrió un mareo y nunca recuperó lo suficiente para poder trabajar; que estuvo bajo tratamiento "del cerebro, nerviosidad e incapacidad del brazo izquierdo"; y que ha estado recibiendo tratamiento siquiátrico.

Ante la Comisión Industrial declaró que el 13 de enero de 1965 "una cadena de 40 pulgadas de las que se usaban para amarrar los *trucks* de caña se enredó en la máquina de machetes y empezaron a volar pedazos de hierro. . . ." y "al ver los pedazos de hierro volando se puso muy nervioso y no se dio cuenta de lo que sucedió."

A pesar de que esta versión surgió el día de la vista ante la Comisión Industrial, ya que el obrero no había hecho referencia a accidente alguno en la declaración jurada prestada ante los investigadores del Fondo, la mayoría de la Comisión determinó que había sufrido un accidente cubierto por la ley.

Siendo un hecho esencial y principalísimo de la cuestión a resolver en este caso, si el obrero sufrió o no un accidente compensable, ciertamente la tardanza en informar al Fondo, impidió que éste pudiera realizar una investigación adecuada, coetánea con la ocurrencia de los hechos para poder determinar si en verdad había ocurrido el alegado accidente. Una tardanza de seis años en informar un accidente, del cual supuestamente el obrero no ha podido recuperar, no puede tener justificación. Ciertamente en el presente caso el obrero no explicó satisfactoriamente su demora como lo requiere la ley. Ver 11 L.P.R.A. sec. 6. *Torres* v. *Comisión Industrial*, 55 D.P.R. 438,

443 (1939) ; *Guzmán Muñoz* v. *Comisión Industrial*, 85 D.P.R. 700, 703 (1962).

*Se revocará la decisión de la Comisión Industrial y se dejará en vigor la resolución del Administrador del Fondo del Seguro del Estado.*