ARTEMIO ROSARIO RIVERA ET AL., demandantes y recurridos, *v.* VIRGILIO RAMOS Y OTRO, demandados y recurrentes.

*Número:* R-75-315 *Resuelto:* 14 de septiembre de 1976

*Federico Torres Jiménez,* abogado de los recurrentes; *Roberto Busó Aboy* y *Raúl Tirado Rodríguez,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Un menor de 15½ años de edad fue contratado para hacer labor de replanteo de terreno operando una máquina pesada. Son hechos aceptados[1] los que resume la parte recurrente así:

"Virgilio Ramos, hijo, contrata, desconociendo su minoría de edad, al menor Angel Antonio Rosario Torres para llevar a cabo un trabajo de 'replanteo de terreno' en una finca perteneciente a Cesareo Santiago. El acceso al área de trabajo lo constituye un

---

[1] A la página primera de su alegato los demandantes-recurridos aceptan que esa relación de hechos "está esencialmente correcta."

camino o tramo de terreno, hacia uno de cuyos lados se encuentra una jalda. En la jalda propiamente había un muro de contención de bloques de concreto como medida preventiva contra el desprendimiento de terreno. El menor, conduciendo una máquina Trackcavator propiedad de Virgilio Ramos, transita sin problemas por el camino y llega al área de trabajo, donde opera la máquina por espacio de varias horas hasta terminar el trabajo. Luego de ello, el menor conduce la máquina por el referido camino y al detener la marcha de la misma para conversar con unos muchachos, se desprende el terreno precipitándose la máquina con el menor jalda abajo. Como consecuencia del descrito accidente, falleció Angel Antonio Rosario Torres el mismo día.

Más aún, aunque la cuestionada Sentencia guarda silencio al respecto en sus determinaciones, lo cierto es que los propios demandantes, mediante el testimonio de Virgilio Ramos, hijo, aportaron evidencia en el sentido de que el trabajo relacionado con la muerte del menor Angel Antonio Rosario fue gestionado para éste por su propio padre Artemio Rosario Rivera, uno de los demandantes, quien, según la prueba, prestaba servicios para Virgilio Ramos reparando equipo pesado y gestionando contratos en los que se utilizaba al menor fallecido como operador de equipo pesado."

Toda vez que el patrono recurrente no estaba asegurado, los familiares del joven occiso instaron acción bajo el 1802 del Código Civil alegando en el párrafo 6° de su demanda que los codemandados "valiéndose de engaño, indujeron a éste a operar una máquina excavadora." No resulta así de la sentencia ni de los hechos anteriormente reseñados. Las determinaciones de la sala de instancia sobre el particular comprimidas en dos párrafos informan:

"De que el fallecido era menor de edad, no hay duda. El menor fallecido había nacido el 4 de abril del 1957 y el accidente en que ocurre la muerte fue el 24 de septiembre de 1972, por lo que tenía 15 años de edad.

Aunque la evidencia indica, cierta precocidad de este menor, fumando y bebiendo ocasionalmente, y que dicho menor había trabajado con equipo pesado en trabajos varios, lo cierto es que aparentemente, tan pronto se descubría que era menor de edad, se le cesanteaba."

Con esos hechos, el juez superior condenó al patrono a una indemnización de $45,000 más $2,000 de honorarios de abogado.

Si este joven era un operador diestro de equipo pesado a quien su propio padre le gestionaba tareas, y que aparentaba tener la edad apropiada al trabajo porque según la frase del juez había que *descubrir la verdadera,* el patrono recurrente bien pudo haber sido inducido a error como el de *Silva,* infra, a la pág. 895. La norma de *Silva* en cuanto a las oportunidades del patrono para ser oído y defenderse tiene tanta vigencia en aquél como en el del caso de un patrono no asegurado.

En *Silva* v. *Comisión Industrial,* 91 D.P.R. 891 (1965), este Tribunal reconoció la manifestación engañosa como buena defensa de un patrono asegurado que contrata un menor. En aquel caso, como en el de autos, fue la conducta del padre del joven obrero lo que indujo al patrono a emplearlo; y al igual que en *Silva,* en el presente caso el menor era conocido como trabajador que había sido empleado por distintos patronos. No estimó justo este Tribunal que habiendo tanto el menor como su padre inducido la bien fundada creencia de que tenía 18 años se beneficiaran de la acción civil por negligencia cuando ocurrido el accidente, se descubrió que el obrero no tenía la edad que aparentaba. Consideramos entonces que admitir tal demanda equivalía a permitirle a una persona ir contra sus propios actos (pág. 904) y en adición vulnerar la doctrina de equidad que repudia el enriquecimiento injusto, expresando que "... [e]s ésta [de enriquecimiento injusto] una doctrina o principio general de derecho que puede aplicarse a situaciones muy distintas entre sí, siempre y cuando tengan en común un elemento: el que de no aplicarse se perpetraría la inequidad de que alguien se enriqueciese injustamente en perjuicio de otro. Se trata de una doctrina general basada en la equidad, reconocida por el derecho de todos los países civilizados, que domina muchas re-

laciones de derecho privado y cada día dominará más, susceptible de aplicación en múltiples casos que son imposibles de prever." Págs. 897–898.

Una indemnización dentro de estas circunstancias, más que cumplir el fin social de reparar un daño, surtiría el indeseable efecto de causar grave perjuicio económico a quien de buena fe confió en la representación que se le hizo. *Cf. International General Electric* v. *Concrete Builders*, 104 D.P.R. 871 (1976).

■ Hay una razón adicional que dicta la revocación de la sentencia condenando al pago de daños y perjuicios. La Ley de Compensaciones por Accidentes del Trabajo (11 L.P.R.A. sec. 1 y ss.), en su Art. 2 limita su aplicación a los obreros y empleados "que sufran lesiones o se inutilicen, o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo . . . ." Los hechos resumidos al principio de esta opinión indican que el accidente fatal ocurrió después de terminado el trabajo cuando el operador de tractor ya de regreso se detuvo en el camino para conversar con unos muchachos. Por regla general accidentes que ocurren mientras se va o se regresa del trabajo no son compensables. *Bacó* v. *Comisión Industrial*, 52 D.P.R. 866 (1938) ; *Atiles, Admor.* v. *Com. Industrial y Sucn. Alvarez*, 73 D.P.R. 15 (1952). No obstante, al regular la responsabilidad del patrono no-asegurado instruye la citada Ley que cualquier obrero o empleado perjudicado o sus beneficiarios pueden proceder contra tal patrono ejercitando contra él una acción por daños y perjuicios, "lo mismo que si este Capítulo [Ley] no fuera aplicable" y añade que "[e]n tal procedimiento no constituirá defensa para el patrono que el obrero o empleado fue culpable de negligencia contributoria o que asumió el riesgo de la lesión o que la lesión fue causada por negligencia de un contratista o subcontratista independiente, a menos que el contratista o subcontratista independiente se

hubiere asegurado con arreglo a las disposiciones de este Capítulo [y que] [n]o será válido ningún contrato celebrado entre un patrono y un obrero o empleado que se proponga permitir el uso de cualquiera de estas defensas." 11 L.P.R.A. sec. 16. Interpretando esta disposición este Tribunal ha resuelto que "la acción ante los tribunales, en cuanto a la negligencia del patrono, [queda] sujeta a las reglas generales que se aplican en las cortes a las acciones . . . [por daños y perjuicios] y no a las especiales de la Ley de Compensaciones por Accidentes del Trabajo que debe considerarse a ese respecto 'lo mismo que . . . si no fuera aplicable.' " *Castro* v. *Marrero*, 54 D.P.R. 201, 207 (1939). [2]

Las modificaciones que en el curso de su vigencia se han introducido a esta legislación social, son el mejor índice de que toda acción de daños contra un patrono no-asegurado debe satisfacer los requisitos de alegaciones y de prueba como una bajo el Art. 1802 del Código Civil. Al efecto encontramos que la actual Ley de Compensaciones por Accidentes del Trabajo que es la Núm. 45 aprobada el 18 de abril de 1935 eliminó la presunción legal estatuida en la sec. 31 de la anterior Ley de Indemnizaciones por Accidentes del Trabajo (Núm. 85 de 14 de mayo de 1928) que citamos: "Disponiéndose, que en tal acción se presumirá que el daño recibido por el empleado fue resultado directo y se debió a la negligencia del patrono, y el peso de la prueba descansará sobre el patrono para contrarrestar la presunción de negligencia." Leyes de Puerto Rico, año 1928, pág. 669.

 Contra este trasfondo hay que revisar la sentencia recurrida. La única negligencia imputada en la demanda a los

---

[2] En aquel momento ni siquiera hubiese aducido causa de acción la demanda del caso de autos por omitir toda alegación relativa a que el patrono no estaba asegurado. Al efecto, añadió el Juez Del Toro: "Y como esas reglas generales exigen que se alegue la negligencia del patrono para que surja la causa de acción contra el mismo y la demanda en este caso no contiene tal alegación, es evidente que no aduce hechos suficientes como resolvió la corte sentenciadora." *Castro* v. *Marrero*, supra, a la pág. 207.

demandados-recurrentes es que el "24 de septiembre de 1972, valiéndose de engaño, indujeron [al menor] a operar una máquina excavadora en un terreno aledaño a la carretera que conduce de Cayey a Guayama; terreno sumamente jaldoso que hace prácticamente imposible el tránsito de equipo pesado en el mismo y que ofrece un alto grado de peligrosidad." (Demanda, párr. 6.) Las conclusiones del juez de instancia no sostienen tal alegación, pues descartan todo elemento de engaño, o de dificultad para operar el tractor por condición del terreno, o la peligrosidad del mismo.(³) Los demandantes, por tanto, no probaron negligencia alguna de los demandados que pueda trazarse como causa de la muerte del obrero, esencia de la acción de daños bajo el 1802. *Pérez* v. *Santiago*, 56 D.P.R. 763 (1940); *Ojea* v. *Drug Co. of P.R.*, 40 D.P.R. 652, 653 (1930); *Pueblo* v. *Pereira*, 49 D.P.R. 891, 895 (1936). La acción de daños y perjuicios del obrero ante los tribunales está sujeta a las reglas generales que se aplican en las cortes a las acciones de tal naturaleza y no a las especiales de la Ley de Compensaciones por Accidentes del Trabajo que debe considerarse a ese respecto "lo mismo que . . . si no fuera aplicable." *Castro* v. *Marrero*, (1939) supra, a la pág. 207.

Estas exigencias de alegaciones y prueba del Art. 1802 no varían porque sea menor la víctima del accidente. No se declaró presunción de negligencia para el acto de emplear un menor de 18 años de edad "en una ocupación peligrosa o perjudicial a su vida, salud, educación, seguridad y bienestar, cuando dicho peligro o perjuicio sea así determinado mediante reglamento por la [Junta para Determinar las Ocupaciones

---

(³) El juez sentenciador resumió sus conclusiones sobre esta imputación de culpa o negligencia en el siguiente párrafo:

"Según los testigos, el referido menor realizaba un trabajo convenido por la parte demandada y al detener por un tiempo la máquina en una parte del camino la trepidación de la misma hizo ceder el suelo en la parte que daba a un terreno empinado, volcándose la máquina rodando jalda abajo con el menor, quedando el cuerpo del menor destruido produciéndose su muerte horas después."

Peligrosas para Menores]" al reglamentar sobre esta materia por Ley Núm. 230 aprobada el 12 de mayo de 1942 (29 L.P.R.A. sec. 448). Esta legislación es de exclusivo carácter penal y sanciona sus infracciones como delito menos grave (29 L.P.R.A. sec. 449). El concepto de negligencia *per se* por emplear un niño menor de 14 años, adoptado por este Tribunal por opinión dividida en *Rivera* v. *Ribas,* 31 D.P.R. 361, 369 (1923), seguido con reservas en *Cruz* v. *Central Pasto Viejo,* 44 D.P.R. 367, 398 (1933), donde el niño empleado tenía 10 años, armoniza con un estado de derecho causado por la entonces vigente Ley de Indemnizaciones a Obreros de 1928, cuya presunción de negligencia para acciones civiles, según indicamos a la pág. 119, *ante,* fue derogada por la actual Ley de Compensaciones por Accidentes del Trabajo de 1935. Siendo la indubitable intención legislativa que en la acción de daños y perjuicios no tenga el patrono más limitación en sus defensas que las taxativamente enumeradas en 11 L.P.R.A. sec. 16, *supra,* y abandonada la presunción de negligencia en tales casos, no cabe imponer por fíat judicial más cortapisas y restricciones que las legisladas.

La edad del menor ilegalmente empleado por un patrono no-asegurado debe ser un elemento factual de gran peso, en determinadas circunstancias, para adjudicar negligencia, pero no factor único que reduzca la prueba, aun de grado prima facie, a la simple presentación de un certificado de nacimiento. En tal caso no sería el tribunal el que hallaría negligencia, sino el Registro Demográfico, y se emprendería un retorno a la presunción proscrita y a la inversión de la carga de la prueba inserta en la Ley de 1928, hoy derogada. El criterio de *Rivera* v. *Ribas,* supra, sosteniendo que el empleo de menores, sin más, constituye negligencia *per se,* no puede subsistir en nuestro régimen jurídico contemporáneo pues contraviene la garantía de debido proceso de ley que como hemos visto no incluye esa norma en la restricción de defensas del patrono demandado, con mayor impacto en el

presente caso en que el obrero tenía 15 años, edad que sobrepasa la de 14, límite en la prohibición constitucional sobre empleo de menores. [4] Aparte de que su decisión se produce dentro de un estado de legislación que ha desaparecido, fundamentos adicionales hacen la doctrina de *Rivera* v. *Ribas,* supra, inaplicable al caso de autos, considerando que en aquél fue determinante que el niño obrero tenía 11 años cuando sufrió el accidente "durante el tiempo de su empleo [y] con motivo de su empleo", hallándose activamente ocupado en el mismo (pág. 371) ; y que se le puso a trabajar en violación de ley y de la entonces vigente Carta Orgánica de 1917 que al final de su Sec. 2 decía: "El empleo de niños menores de catorce años en cualquier ocupación perjudicial a la salud o a la moral o que ponga en riesgo la vida o cualquier parte del cuerpo, queda por la presente prohibido." *Leyes de Puerto Rico Anotadas,* Tomo 1, pág. 62.

El debido proceso de ley no tolera desviaciones, y emerge con fuerza ineludible en la exigencia de que la parte demandante pruebe negligencia en esta acción particularmente onerosa para el demandado que tiene sus defensas limitadas y sus bienes a merced del actor, toda vez que el Art. 15 [5] de la Ley (11 L.P.R.A. sec. 16) le concede derecho sin prestación de fianza, a embargar la propiedad del patrono demandado para asegurar la efectividad de la sentencia, tanto en su principal como en la partida de honorarios de abogado, en un pleito donde la indemnización sería alta, "embargo [que]

---

[4] Ordena el Art. II, Sec. 15 de la Constitución del Estado Libre Asociado que "no se permitirá el empleo de menores de catorce años en cualquier ocupación perjudicial a la salud o a la moral, o que de alguna manera amenace la vida o integridad física."

[5] Dentro de la elección de remedios provista por el citado Art. 15 el reclamante contra un patrono no-asegurado puede optar por una petición para compensación ante la Comisión Industrial, que sigue un curso procesal distinto a la acción civil por negligencia bajo el Art. 1802 del Código Civil. *Rivera* v. *Comisión Industrial,* 67 D.P.R. 561, 563 (1947); *Castro* v. *Marrero,* 54 D.P.R. 201, 206 (1939), *cf. Pratts* v. *Tribunal Superior,* 97 D.P.R. 364, 367–368 (1969).

se mantendrá hasta que el caso haya sido fallado y satisfecho el importe de la sentencia."

La sentencia revisada no puede sostenerse frente al impedimento que en este caso presenta el principio de venir contra los propios actos, y adicionalmente, por no haber los demandantes probado que el accidente en que perdió la vida el joven obrero tuviera causa en culpa o negligencia de los demandados recurrentes. *Revocada.*